KERSTEN, Respondent, vs. THE CITY OF MILWAUKEE, imp.,
Appellant.

*January 9 — March 20, 1900.*

*Municipal corporations: Street improvements: Milwaukee city charter:
Grading without petition: Arbitrary assessment of benefits: Remedies: Reassessment: Double payment: Equity: Restoration to original condition.*

1. An assessment of benefits to abutting lots from the grading and paving of an alley charged each lot with as many dollars as it had feet of frontage, and the aggregate very closely approximated the total cost of the work. Opposite some of the lots a deep cut was necessary, and opposite others much filling, but no damages were awarded in any instance. *Held,* as found by the trial court, that the assessment was an arbitrary one, based solely upon the cost of the work, and was therefore illegal and void.

2. Under sec. 6, subch. VII, of the charter of Milwaukee (ch. 184, Laws of 1874, as amended), an alley may be graded without a petition from abutting owners, if the council follows the technical course of procedure therein mapped out.

3. Where an assessment for street improvements is arbitrary and fraudulent, the remedy by appeal to the circuit court provided by sec. 11, subch. VII, of said charter, is not exclusive, but the person aggrieved may resort to a court of equity. *Harrison v. Milwaukee,* 49 Wis. 247, and other cases, followed.

4. Where, in an action to set aside a special assessment for street improvements, the assessment is held invalid by reason of defects in the assessment of benefits and damages, it is the duty of the court under sec. 1210e, Stats. 1898, to stay proceedings so far as relates to the assessment of benefits and damages, order a reassessment, and make the payment of the amount finally determined a condition of judgment; and the fact that plaintiff also sought relief for an invasion of his premises by reason of the improvement need not interfere with a complete application of the statute to the situation.

5. If, upon the making of such reassessment, it is made to appear that the former assessment has been paid, the court will take that into consideration and not require a double payment.

6. Where the initial steps necessary to give the city the right to improve an alley had been taken, but subsequent proceedings were

Kersten vs. The City of Milwaukee.

void because of defects in the assessment of benefits and damages, a court of equity should not, after the completion of the work, require a restoration of the alley to its original condition without a showing that such relief would be equitable to other abutting owners.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

This action was brought by the plaintiff to restrain the city of *Milwaukee* and its contractors from grading an alley at the rear of his lot in Muskego Avenue Heights, in the Eleventh ward of the city, said lot being described as lot 15 of block 1, and having a frontage on the alley of 28.23 feet. The alley runs south from Burnham street to a point about 110 feet from the south line of the block, and then turns west, and opens into Eighteenth avenue. A profile of the alley shows that before it was improved the surface of the ground was very irregular, there being hills and depressions to such an extent as to render it impassable. Towards the north end was a hill, and near the turn where plaintiff's lot was situated there was a depression requiring a fill of several feet.

The grade of the alley was duly fixed and established by an ordinance of the common council on June 8, 1896. On August 3, 1896, the board of public works recommended to the council that this alley be graded and paved from a point 235 feet south of the south line of Burnham street to its western terminus on Eighteenth avenue, and made the proper estimate of cost. On the same day a resolution was introduced in the council, which recited that it was necessary for the public interests to grade and pave this alley, for the reason that it was "inadequate, inconvenient, and unsafe for the public use thereof, for the passage of foot passengers and vehicles, and for the drainage of water therefrom," and that it was necessary to cause said work to be done without a petition therefor from the owners of the property fronting

thereon for the reason that they had negligently failed to make said alley "in a safe and suitable condition for public use, and had negligently failed to present to this common council a lawful petition therefor," and the board was authorized to have the work done in accordance with their recommendation.    The resolution was countersigned by the city comptroller, and referred to a committee on August 3d, who recommended its adoption.    It was again referred to a special committee on August 17th, who likewise recommended its adoption, and was duly adopted by the council at a meeting held on August 31, 1896.    No petition for the work was ever presented to the council.

After the adoption of this resolution, the board of public works made an assessment of benefits against the adjoining lots, which the court finds was arbitrary and fraudulent, for the reason that the board did not consider the benefit to the owners of adjoining property, and did not consider, with reference to the lots, the injury which might result to the owners by reason of said work, but made an arbitrary assessment, based solely upon the cost of the work in front of or abutting upon said lots, respectively, at the uniform rate of one dollar per foot front.    Bids were duly called for, and on June 11, 1897, the board entered into a contract for doing the work with the defendants Riemer and Miller.    On the following day the contractors commenced their work.    This action was commenced, and an injunction sought, which was denied by the court.    During the pendency of the suit the work proceeded, and earth was filled in at the rear of plaintiff's lot from four to six feet deep.    In doing the work the contractors placed earth, which extended upon the plaintiff's lot, for the lateral support of the embankment in the alley, from eleven inches to thirteen feet.    A fence at the rear of the lot was broken down, and access to a water-closet at the rear end of the lot was obstructed.    The court found that the plaintiff's prop-

erty had been damaged to the extent of $500, and that he had sustained no benefits therefrom; that all of the lots on the east side of the alley running north and south were similarly affected and encroached upon, and no damages in any instance had been awarded. The maps and profiles in evidence show quite a large hill at the north end of the proposed improvement and lesser hills and depressions along the line of the alley, so that along some of the lots there would be a cut of considerable depth, and others a fill of several feet.

The court found as conclusions of law that the assessment of benefits made by the board of public works was in violation of the charter of the city, a fraud upon plaintiff, and consequently void; that the work done was performed without lawful authority, and created an obstruction in the alley, and was a nuisance; that the taking of plaintiff's property for the purpose of grading the alley was without lawful authority, and constituted a continuing trespass.

A judgment for plaintiff was entered in substance as follows: (1) That the city and its contractors and servants be perpetually enjoined from filling, paving, or otherwise obstructing the alley under the resolution of the council or assessment of benefits mentioned. (2) That the same parties be perpetually enjoined from depositing earth or other materials upon plaintiff's lot, or otherwise encroaching thereon. (3) That the city and its contractors be required to restore said alley for its entire length covered by the resolution for grading, " to its original grade and condition as the same was immediately prior to the grading, filling, and paving thereof," by removing therefrom the earth, etc., deposited thereon in doing such work. (4) That the city and its contractors be required to restore the plaintiff's premises to the original condition they were in prior to said work. (5) That the city be restrained from issuing any certificates to the contractors by reason of the assessment of benefits

made by the board herein referred to. (6) That the plaintiff recover costs.

Due exceptions to the findings were filed, and the city appeals from those portions of the judgment herein numbered 1 and 3.

For the appellant there was a brief by *Carl Runge* and *A. B. May*, and oral argument by *Mr. May*.

*Edgar L. Wood*, for the respondent.

The following opinion was filed February 2, 1900:

BARDEEN, J.   The court has found that the assessment made by the board of public works was arbitrary and based solely upon the cost of the work in front of the abutting lots.   A similar assessment was before this court for review in the case of *Liebermann v. Milwaukee*, 89 Wis. 336.   The facts are not the same, but the form of the assessment in that case varies in no material respect from the one under consideration.   There it was said that the assessment was void on its face for a failure to show affirmatively that it was made in conformity with the requirement of the charter. But we are not to dispose of this assessment by what alone appears upon the face of the proceedings, as in *Hennessy v. Douglas Co.* 99 Wis. 129.   With the accompanying facts and circumstances, it shows quite conclusively that the board could not have exercised their judgment in arriving at a result.   That this assessment of benefits to each of the adjoining lots should correspond in each case to as many dollars as the abutting lot had feet of frontage, and that the aggregate of benefits should very closely approximate the total cost of the work, are circumstances too significant not to arouse suspicion.   Especially is this so when it is shown that opposite some of the lots there was a deep cut and others a deep fill.   It is not enough for the board to *say* that they viewed the premises and exercised their judgment, if the *facts* negative that assertion.   Here the *facts* cry out so

loudly against the conclusion reached that we find no difficulty in agreeing with the court's estimate of the board's procedure. *Hayes v. Douglas Co.* 92 Wis. 429.

But we cannot, by any means, agree with the court's judgment. It seems to be conceded that the city has, under its charter, ample power to establish the grade of alleys, and that it did, on May 27, 1896, duly adopt and pass an ordinance fixing and establishing the grade of the alley in question. This was the initial step, without which any attempt to improve the alley would have been without foundation. In following out the line of procedure indicated by sec. 6 of subch. VII of the charter [ch. 184, Laws 1874, as amended], the board of public works made the proper estimate of the cost of the work proposed to be done, and made the usual recommendation to the council. Thereupon a resolution was introduced in the council, which declared that it was necessary to grade and pave such portion of this alley, for the reason that it was inadequate, inconvenient, and unsafe for public use and for the drainage of water therefrom; and that it was necessary to cause said work to be done without a petition from the abutting owners, for the reason that such owners had failed to make the alley in a suitable condition for public use. This resolution was first referred to the local committee of the Eleventh ward,— being the ward where the alley was located,— who recommended that it be adopted. It was then referred to a special committee of five members, no one of whom was a resident of said ward, who likewise reported recommending its adoption. The resolution was presented to the council August 3d, and passed and adopted by the council on August 31st by a vote of thirty-nine members in the affirmative. This was, as we regard it, a proper compliance with the charter requirements. *Boyd v. Milwaukee*, 92 Wis. 456. The contention that sec. 6 does not permit the improvement of an alley without a petition from abutting lotowners is altogether too technical to re-

ceive approval.  A fair construction of the rather indefinite provisions of that section has led us to the conclusion that such grading may be done without petition, when the council follow, as they did in this case, the technical course of procedure therein mapped out.  The initial steps leading up to the improvement of this alley having been taken in conformity to the charter requirements, the city was invested with jurisdiction to proceed.  The next step — the assessment of benefits and damages — was, as we have seen, wrongfully taken, and rendered subsequent action void.  Sec. 11, subch. VII, provides that the owner of any lot who feels himself aggrieved by any assessment may appeal to the circuit court and have his grievance therein determined; and it is urged that this gives him an ample and exclusive remedy.  In cases where the initial steps have been such as to give the city jurisdiction to proceed, this argument appeals to us with considerable force; but this court having held in a long line of decisions that the remedy by appeal is not exclusive where the assessment is shown to be arbitrary and fraudulent, we feel compelled to follow them.  *Harrison v. Milwaukee*, 49 Wis. 247; *Watkins v. Milwaukee*, 52 Wis. 98; *Liebermann v. Milwaukee*, 89 Wis. 336.

Admitting that plaintiff may maintain a standing in a court of equity, the trial court should have considered and applied a very important and salutary provision of law, apparently enacted to cover just such cases as this.  We refer to sec. 1210e, Stats. 1898.  This section provides that in actions of this kind, if the court shall determine that such an assessment is invalid by reason of a defective assessment of benefits and damages, it shall stay proceedings in such action until a new assessment therefor be made, and thereupon the proper city authorities shall proceed to make a new assessment, as is required by law in the case of such original assessment.  It also gives the plaintiff the right to contest such new assessment, and points out the method of procedure.

When the proper assessment is finally determined, the court shall make an order requiring the plaintiff to pay the same as a condition of judgment. The fact that the plaintiff seeks relief for the invasion of his premises need not interfere with the complete application of this statute to the situation. It being found that the city has the right to grade the alley, a court of equity may readily adjust and fix the rights of the parties as to the matters not connected with the reassessment, and give the appropriate relief, and still obey the statute in regard to the procedure for reassessment.

Independent of this statute, we cannot quite understand how a court of equity could have felt warranted in requiring the defendants to restore the alley to its original condition. The intrusion upon plaintiff's lot by the city and its contractors was wholly unwarranted, as they have admitted by not appealing from that portion of the judgment requiring them to restore his premises to their original condition. The only other matter concerning which the plaintiff has any right to complain is that a proper assessment of benefits has not been made. Other people besides plaintiff have rights in this alley, and, before the court should have required a restoration to the original condition, some proof as to the situation should have been taken. It is fairly inferable from the case that the original condition was unsafe and dangerous. Suppose it was shown that all the other owners had acquiesced in the change, and had paid their assessment of benefits, would a court of equity be warranted in making a judgment which seriously interfered with their rights and did not benefit the plaintiff? A mere statement of the query would seem to furnish an answer to it. The judgment in this regard was wholly unwarranted under any view of the case.

We summarize our conclusions as follows: That the city has the power to and has properly established the grade of this alley; that the action of the council in directing the

Kersten vs. The City of Milwaukee.

grading and paving of the alley, under the proofs offered, was proper and legal; that the assessment made by the board of public works was arbitrary and illegal; that the situation presented is such that the court should order a stay of proceedings in so far as relates to the assessment of damages and benefits for the improvement of the alley, and direct a reassessment and proceedings under sec. 1210e, Stats. 1898. To this end, those portions of the judgment appealed from are reversed, with costs, and the cause is remanded for further proceedings in accordance with this opinion.

*By the Court.*— So ordered.

The respondent moved for a rehearing, and the following opinion was filed March 20, 1900:

BARDEEN, J. The principal ground relied upon in the motion for a rehearing is that plaintiff has already paid the benefits assessed against his property pending this litigation, and that if a new assessment is made he will have to pay twice. There is nothing in the record showing that any such payment has been made. If such should prove to be the fact, when a new assessment is made the trial court would necessarily take it into consideration and adjust the rights of plaintiff accordingly. It is purely a matter of administration in the court below, and can in no way be appealed to, to defeat the plain mandate of the statute which requires a reassessment. This action is virtually one to set aside a void assessment. The city had an absolute right to proceed if it had done so according to law. It being shown that it did not do so, the statute leaves but one course open to the court and that is to order a reassessment as the charter requires, and that is the only relief that can or should be granted in this action. When such reassessment is made, if it is made to appear to the court that plaintiff has made payment to the city of any sum to apply on the former assess-

ment, it will be its plain duty to take that into consideration and not require a double payment.

*By the Court.*— Rehearing denied with $25 costs.