ALLISON LAND COMPANY v. BOROUGH OF TENAFLY.

Submitted March 27, 1902—Decided June 9, 1902.

1. Under the amendments of the Borough act of 1897 (see *Pamph. L.* 1898, *p.* 399; *Id.* 1899, *p.* 171) the assessment of benefits for street improvements is not to be confined to the line of the street.
2. The report of an assessment for benefits conferred by a street improvement must show affirmatively that the assessment does not exceed the benefit.

On *certiorari* in matter of assessment.

Before Justices DIXON and COLLINS.

For the prosecutor, *William M. Seufert.*

For the defendant, *Edmund W. Wakelee.*

The opinion of the court was delivered by

DIXON, J.    The prosecutor complains of an assessment levied upon its land for benefits conferred by the laying out, opening and grading of a street in continuation of Clinton avenue from Engle street to the Boulevard in the borough of Tenafly.

The objections urged because of irregularity in the preliminary proceedings should not now, after the improvement is completed, be regarded. *Provident Institution* v. *Jersey City,* 23 *Vroom* 490.

Only two objections deserve consideration.

The first is that the land, not being on the line of the street, is not subject to assessment, under the Borough act of 1897 (*Pamph. L., p.* 285), whence authority to make the improvement is derived.

According to the original act this objection would prevail, for section 33, which delegates the authority, directs the cost to be assessed upon the lands fronting on the street or section thereof improved to the extent of the benefit received, and section 58 which defines the duty of the commissioners of assessment, requires them to make a just and equitable assessment of the benefits along the line of the improvement.   But this law has been changed (*Pamph. L.* 1898, *p.* 399; *Id.* 1899, *p.* 171), so that now section 58 directs the commissioners to make a just and equitable assessment of the benefits conferred upon *any* lands or real estate by reason of the improvement.   Although this legislation does not formally amend section 33, yet being a later enactment, it abrogates the inconsistent terms of that section.   Hence the prosecutor's land, if benefited by the improvement, is assessable.

The other objection is, that the report of the commissioners fails to show that the assessment does not exceed the benefit. This objection is true in fact, and is valid in law. *Passaic* v. *Delaware, Lackawanna and Western Railroad Co., 8 Vroom* 538.

The assessment against the prosecutor is set aside, with costs.