FRIEDRICH, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*May 11—May 29, 1903.*

*Municipal corporations: Unlawful grading of streets: Assessment of benefits: Conclusiveness of report of board of public works: Damages: Appeal and error: Harmless error.*

1. The report of the board of public works, in due form, showing by its recitals that the requirements of the city charter in determining both the damages and benefits occasioned by grading down a street were followed, *prima facie* establishes all the facts requisite to sustain the validity of their work, but evidence *aliunde*, showing that the conclusion of the board was not reached by the exercise of judgment, but by a uniform assessment per front foot, is sufficient to overcome such proof, and call for a decision that the assessment is void, in the absence of proof, independent of the report, to the contrary.

2. On appeal from a judgment against defendant, it is harmless error to submit the case to the jury on an incorrect rule of damages, where such rule tended rather to diminish the amount of plaintiff's recovery than to increase it.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

Action to recover for the unlawful grading of a street in front of plaintiff's property to the injury thereof. The facts stated in the complaint were to this effect. The charter of the city of *Milwaukee* permits the original grading of streets only at the cost of the owners of abutting property so far as such property shall be benefited thereby, and only when proper proceedings shall have been taken to charge such property with such benefits. Proceedings were duly had for grading the street in question up to those necessary to determine the amount chargeable to the abutting property for benefits accruing thereto from the work. Such proceedings in that regard as were had are wholly void, since, whereas the board of public works, charged with the duty of making such determination, were required to view the premises and then and

there consider the amount proposed to be made chargeable against such premises and the benefits which in their opinion would actually accrue to the parcel of land from a completion of the work proposed, in the manner contemplated in the estimate thereof filed by the city engineer, taking into consideration in each case any injury which in their opinion might result thereto by such work, and to indorse their decision and assessment on the estimate of the cost of such work filed in their office, they failed to do so. Relying on such void assessment, defendant cut the street down in front of plaintiff's property, to wit, lots 1, 2, 3, 4, 5 and 6, block 4, and lots 1, 2, 3, 4, 5 and 6, block 8, fronting on Hadley street, the street in question, to his damage in the sum of $3,000.

Defendant pleaded, among other things, a charter provision giving the right of appeal to an abutting lot owner in case of his dissatisfaction with an assessment of benefits and damages in the circumstances alleged in the complaint as his only remedy. Defendant also, by appropriate allegations, put in issue all the allegations of the complaint in respect to illegal proceedings by the board of public works.

This court having held that the complaint stated a good cause of action in 114 Wis. 304, 90 N. W. 174, and the evidence produced upon the trial establishing beyond controversy, in the judgment of the trial court, the illegality of the proceedings of the board of public works as charged, the question of damages only was submitted to the jury upon the evidence. A verdict was rendered in favor of plaintiff for $1,380. Judgment was rendered accordingly.

For the appellant there was a brief by *Carl Runge*, city attorney, and *R. S. Witte*, assistant city attorney, and oral argument by *Mr. Witte*.

For the respondent there was a brief by *Jared Thompson*, attorney, and *C. H. Hamilton* and *Howard Van Wyck*, of counsel, and oral argument by *Mr. Hamilton* and *Mr. Van Wyck*.

MARSHALL, J.   The point is made that the report of the board of public works offered in evidence showed, by the recitals therein, that the requirements of the charter were followed as to determining both the damages and the benefits to plaintiff's property by the grading of the street, and an assessment only of the excess of benefits over damages against such property; and that there was no evidence to the contrary, hence, within the rule of *Hennessy v. Douglas Co.* 99 Wis. 129, 74 N. W. 983, respondent failed to prove the cause of action alleged.   Such rule goes no further than that the report of the assessment board, made in due form, *prima facie* establishes all the facts requisite to sustain the validity of their work, but that evidence *aliunde,* showing that the conclusion of the board could not reasonably have been arrived at by the exercise of judgment, is sufficient to overcome such proof and call for a decision that the assessment is void in the absence of proof, independent of the report, to the contrary.

Giving full effect to that rule, as we must, it does not help appellant, because we are unable to agree that there was no evidence produced upon the trial to impeach the report of the board.   The evidence shows, without dispute, that the cut in front of respondent's property varied from eight to twenty-six feet.   That physical situation, of itself, shows that the assessment of benefits at a uniform rate of $10 per front foot must have been made regardless of the charter provision that the effect of the grading as to each lot or parcel of land must be considered and determined as a separate matter.   In other words, that the uniform assessment per front foot was wholly arbitrary and without authority of law.   It was so held in *Kersten v. Milwaukee,* 106 Wis. 200, 81 N. W. 948, 1103. Again, there was indisputable evidence produced upon the trial, independent of the physical situation itself, that all the lots were seriously damaged by the grading.   There was evi-

dence strongly tending to show that some of them were thereby rendered valueless. Under those circumstances the court did right in submitting to the jury only the question of damages.

There was a house on one of the lots, which, the evidence shows, would have been left by the grading in a dangerous situation had it not been removed. Complaint is made because the court permitted evidence of the cost in that regard, and of building a retaining wall, and some other matters to secure the house in its new location. That complaint is based on two grounds: First, because there was no evidence of necessity for the removal of the house; and second, because it introduced into the case an erroneous rule of damages. We are unable to see any merit in the first proposition, since we find ample evidence in the record tending to show that the cutting down of the street in front of the house gave respondent good reason to believe, as the fact was, that the house, if not removed, might be damaged and the injury be chargeable to his own negligence in not exercising proper care to prevent the cutting down of the street, causing him unnecessary loss. On the second proposition we are unable to discover that appellant was prejudiced, though the correct rule of damages was, perhaps, to some extent invaded. True, the general damage to respondent was the difference between the value of the property before the street was cut down, and the value thereafter, and in determining the same in the regular way damages to the house would be deemed to be included in the damages to the lot. However, it satisfactorily appears that the removal of the structure, charging appellant the items of expense which the court submitted to the jury as legitimate elements of damage, tended rather to diminish the amount of respondent's recovery than to increase it. The claim that the evidence as to the injury to the lots did not disassociate the diminished value of the land from that of the house, from

our examination of the evidence appears to be unfounded. It does not seem necessary to go into an analysis of the evidence here to support that conclusion.

Some complaints are made of the judge's charge, based, however, on errors which we have already discussed unfavorably to appellant. The errors assigned as to the charge must fall with the others.

*By the Court.*—The judgment is affirmed.