·Spence and others, Appellants, vs. City of Milwaukee and others, Respondents.

*April 6—May 24, 1910.*

.*Municipal corporations: Assessments for street improvements: Action to set aside: Estoppel: Costs: Improper insertion in judgment: Review.*

1. The evidence in this case is *held* to sustain findings by the trial court to the effect that in the making of certain special assessments for street improvements all requirements of the city charter of Milwaukee were complied with.

.2. The lotowners having had notice of the proceedings resulting in the assessments upon their lots, and the property having been enhanced in value far more than the cost of the improvements, and the owners severally benefited to the amount of the benefits assessed, they are estopped from maintaining an action, commenced after the completion of the work, to set aside the assessments.

·3. A party claiming that costs have been improperly inserted in a judgment in violation of sec. 2894*a*, Stats. (1898), should bring the matter to the attention of the trial court and obtain a ruling thereon before review can be had in the supreme court.

Appeal from a judgment of the circuit court for Milwaukee county: Orren T. Williams, Circuit Judge. *Affirmed.*

This action was brought by the plaintiffs as owners of the real estate described in the complaint against the defendant ·city of *Milwaukee, William H. Graebner,* city treasurer, and James O'Donnell, the contractor who performed the work, ·asking that the special assessments complained of be declared illegal, null, and void, and the special assessment certificates issued thereunder declared null and void and set aside, and ·for general relief. Pending the action the defendant O'Donnell died, and the *Milwaukee Trust Company* was appointed administrator and the action revived as to O'Donnell. The property affected by the assessment and owned by the plaintiffs is described as follows: Lots Nos. 21 and 31, in block 1, and lots Nos. 9, 10, 11, 13, and 15, in block 2, in Cold

Spring Heights subdivision, in the southwest and northwest quarter of section 24, in the Nineteenth ward of the city of Milwaukee, each of which lots has a frontage on Thirty-sixth street, which is a public highway of the defendant city, of thirty feet and being 120 feet in depth, except lot 31 in block 1, which has a frontage on said Thirty-sixth street of 53.84 feet and an extreme depth of 79.91 feet and is triangular in shape.

The defendants city of Milwaukee and William H. Graebner answered justifying the regularity of the proceedings on the part of the city resulting in the special assessment, and setting forth, among other things, that all provisions of law were duly complied with and the assessment lawfully and regularly made, and alleging that the improvements made resulting in such assessment were of great benefit to the plaintiffs' premises and enhanced and increased the value thereof, and that such assessments were made according to the benefits and damages to the premises; that the plaintiffs had notice and knowledge of all the various proceedings taken by the defendant city, its common council and board of public works, city engineer, and contractors, and all other officers of said city at the time and during the pendency of the various proceedings had to make the improvements alleged in the complaint.

The defendant O'Donnell also answered setting up that he did the work under contract which resulted in the special assessment, and that he held certificates against lot 21, block 1, for $78.03, and a certificate against lot 31, block 1, for $156.24, of which sum only $100 is assessed against said lot, and the remainder, $56.24, is payable to the defendant out of the ward fund of the Nineteenth ward, and that other certificates described in the complaint were by said defendant duly assigned to the Milwaukee Lumber Company, a Wisconsin corporation. This defendant further set up notice on the part of the plaintiffs during the pendency of the proceedings,

and also that the lots were greatly benefited and enhanced in value by the improvements.

The court found all the facts in favor of the defendants, and, among other things, found that all the proceedings respecting the assessment and levy of the special assessment complained of were regular and valid and greatly enhanced the value of the lots against which assessments were made, and that the plaintiffs had notice that the improvements were being made and the property enhanced in value more than the value of the improvements, and, the assessments being reason-able, lawful, just, and equitable, the plaintiffs are estopped from maintaining the action, and that since the improvements the plaintiffs have sold several of the lots owned at the time of the commencement of the action.

As conclusions of law the court found that the defendant city by the adoption of the resolutions mentioned in the complaint had authority and jurisdiction to make the improvements, that the abutting property was chargeable with the benefits to the amounts assessed thereon, that the assessments so made were just and equitable and in all respects complied with the law and charter of the city and are valid, and that judgment be entered dismissing the complaint with costs against the plaintiffs. Judgment was entered accordingly, from which this appeal was taken.

*C. H. Hamilton,* for the appellants.

For the respondents the cause was submitted on a brief by *John T. Kelly,* city attorney, and *Clinton G. Price,* assistant city attorney, and by *Dorr & Gregory,* attorneys for *Milwaukee Trust Company* as administrator.

The following opinion was filed April 26, 1910:

KERWIN, J.   The findings set out in the statement of facts show full compliance with the provisions of the city charter, and if they are supported by the evidence the judgment below must be sustained.   The findings are attacked by counsel

for appellants on the ground that it appears conclusively that the assessment was made upon the so-called front-foot rule, and that there had been no proper view of the premises. The following authorities are relied upon in support of these propositions: *Kersten v. Milwaukee,* 106 Wis. 200, 81 N. W. 948, 1103; *Friedrich v. Milwaukee,* 118 Wis. 254, 95 N. W. 126; *Haubner v. Milwaukee,* 124 Wis. 153, 101 N. W. 930, 102 N. W. 578; *Loewenbach v. Milwaukee,* 139 Wis. 49, 119 N. W. 888. In all of the foregoing cases it was conclusively established by the findings and the evidence that the provisions of the charter had not been complied with. In *Kersten v. Milwaukee, supra,* the court found that the assessment was arbitrary and fraudulent for the reason that the board did not consider the benefits to the owners of the adjoining property nor the injury which might result to the owners by reason of the work, but made an arbitrary assessment, based solely upon the cost of the work in front of or abutting upon the lots, respectively, at the uniform rate of $1 per front foot. To the same effect is *Friedrich v. Milwaukee, supra.* In *Haubner v. Milwaukee, supra,* the court held:

"An assessment by the board of public works of the benefits and damages to abutting lots by reason of the grading of a street in Milwaukee was made without separate consideration of the several lots, although they were very differently affected by the improvement; it was not made at the time of viewing the premises, but at a different time and in the office of the board; and it assessed a uniform sum per front foot as benefits along the whole street, and awarded no damages whatever for injuries, and that under the city charter such assessment was void."

In *Loewenbach v. Milwaukee, supra,* the court held that in making an assessment of benefits and damages arising from a street improvement the board of public works should ascertain what the benefits and damages amount to on each parcel of land, instead of assuming that the benefits are equal to the cost of doing the work.

In the instant case, as appears from the statement of facts, the court below found that all the proceedings were regular and the provisions of the charter complied with. Counsel for appellants refers us to some evidence which, standing alone, would seem to support his contention that the front-foot rule was observed, and also that a proper view of the premises was not made, but an examination of all the evidence fully convinces us that the findings on these facts, as well as all others, are well supported by the evidence. It may also be observed, in passing, that the court found upon sufficient evidence that the appellants had notice of the proceedings resulting in the assessments, that the property was enhanced in value far more than the value of the improvements, and the abutters severally benefited to the amount of the benefits severally assessed, and that the appellants are estopped from maintaining the action. It seems, therefore, upon the established facts and under the decisions of this court, regardless of other questions before discussed, that the appellants are estopped from maintaining this action. *State ex rel. Schintgen v. Mayor, etc.* 101 Wis. 208, 77 N. W. 167; *Beaser v. Barber A. P. Co.* 120 Wis. 599, 98 N. W. 525; *Lawton v. Racine,* 137 Wis. 593, 119 N. W. 331.

It follows that the judgment of the court below must be affirmed.

*By the Court.*—The judgment is affirmed.

The appellants moved for a rehearing. The following opinion was filed May 24, 1910:

PER CURIAM. A motion in this case was made for a rehearing and to change the mandate respecting costs. It is urged that a rehearing should be granted on the ground that the findings are not supported by the evidence. Upon further examination of the record we think the contention is without merit. As to changing the mandate we find no war-

rant for so doing in the record. Conceding, without decid-
ing, that the judgment was entered more than sixty days
after the findings were filed, we discover no ground for chang-
ing the mandate. It does not appear from the record that
the alleged error was ever brought to the attention of the
court below. If the clerk improperly inserted costs in the
judgment the matter should have been brought to the atten-
tion of the court below and a ruling obtained before review
can be had here. *Blomberg v. Stewart,* 67 Wis. 455, 30 N.
W. 617.

The motion is denied with $25 costs.