BOETTGER, Respondent, vs. CITY OF TWO RIVERS, Appellant.

*December 10, 1913—January 13, 1914.*
*April 15—May 1, 1914.*

*Municipal corporations: Harbor improvements: Docks and break-waters: Special assessments: Requisites and validity: Reassessment, when ordered: City not concluded by brief of counsel: Declaration as to purpose of work, when binding.*

1. Under sec. 925—248a, Stats. 1911,—providing that any city may "construct, repair, improve and maintain any harbor within or of the city, so as to make it navigable and available for the largest class of vessels,"—the improvements which a city may make either wholly or in part at the expense of the adjacent property must be made primarily for the purpose of improving the navigation of the harbor and not for the purpose of preventing encroachment by the water upon such adjacent property.
2. That statute, when considered in its entirety, seems to contemplate somewhat extensive improvements to be made in accordance with a definite plan.
3. Although by the terms of said sec. 925—248a a city is given the option to proceed under it in lieu of proceeding under secs. 925—240 to 925—248, it can do so only where the work contemplated is of the character provided for in said sec. 925—248a, to wit, the making of a harbor "navigable and available for the largest class of vessels," and not in all cases where improvements might be made under such earlier sections.

4. A special assessment under sec. 925—241, charging to abutting lots the expense of building or maintaining docks, requires for its support a proceeding by ordinance and a demand upon the lotowner and failure on his part to do the work; and the section itself is of doubtful validity, since it seems to contemplate charging the expense of the improvement to the property owner regardless of benefits.

5. Under sec. 925—248 a city may build a dock breakwater to protect land fronting on a harbor from being washed away, and may assess property benefited thereby, but it cannot build a commercial dock, if more expensive than a dock breakwater, and charge any part of such extra expense to the property so protected, or assess against such property benefits other than those resulting from the construction of a dock breakwater.

6. Under said sec. 925—248 the common council must itself first fix the boundaries of the district to be assessed, which is not confined to lands immediately abutting on the improvement but may include all lands which will in fact be protected by it; and thereafter the assessment may be made by the board of public works and confirmed by the council.

7. If the benefits do not amount to one half of the cost of the proposed improvement, the city cannot proceed under sec. 925—248, because it cannot levy to exceed one half the cost against the general property of the city.

8. Where a special assessment for a dock breakwater is held void because the city failed to comply with the law in making it, and not because of any inherent lack of power in the city to make an assessment for the improvement in question, a reassessment should be ordered under secs. 1210d, 1210e, Stats.; but where the city had no power originally to make an assessment for an improvement of the character ordered, there can be no reassessment.

9. The statute providing for a reassessment is mandatory, and where a case is within the statute and the city moves for a reassessment after the decision of the court is announced, it should not be concluded by a concession of counsel in a brief previously filed to the effect that if the assessment made was invalid no legal assessment could be made.

10. Where all the proceedings taken plainly indicated, and the resolutions of the city council unequivocally declared, that a proposed dock was to be constructed for the purpose of improving the inner harbor of the city, the expense of such improvement could not be assessed against abutting owners under sec. 925—248.

11. Even if, in such case, the declared purpose of the city council was not the real one, it should be bound by its declaration, and

parol evidence (such as the testimony of the mayor and city
engineer) was not competent to show that the purpose of the
council was to build a breakwater to prevent the adjacent soil
from being washed away.

12. Nor, in such a case, could a subsequent city council be permitted
to declare that the former council had in fact a different pur-
pose in view from that which it said it had, and then proceed
to make an assessment of benefits and damages on the strength
of such declaration.

APPEAL from a judgment of the circuit court for Manito-
woc county: BYRON B. PARK, Judge.  *Affirmed.*

For the appellant there were briefs by *F. W. Dicke* and
*Nash & Nash,* and oral argument by *Mr. Dicke.*

For the respondent there was a brief by *Hougen & Brady,*
and oral argument by *A. L. Hougen.*

The following opinion was filed January 13, 1914:

BARNES, J.   A resolution of the city council of the city of
*Two Rivers,* dated February 5, 1912, recited "that the public
good and convenience demand the improvement of the inner
harbor of the city of *Two Rivers* by constructing a new dock,"
along a line described, the distance being 612 feet.   The
board of public works was directed to assess benefits and dam-
ages.   The plaintiff owned two lots abutting on the proposed
dock and the benefits thereto were assessed at $720 each.
The entire estimated cost of the improvement was $9,840,
and it was determined to assess $3,868 of said sum against
the city at large and the balance against the property bene-
fited by the improvement.   Plaintiff appeals from the assess-
ment of benefits.   It is conceded that the city attempted to
proceed under sec. 925—248*a,* Stats., and that its proceed-
ings were regular if the improvement was one which could be
made under that section.   The part of that section material
to this case reads as follows:

"Any city may, at its option, in lieu of proceedings under
sections 925—240 to 925—248, inclusive, have the power to

construct, repair, improve and maintain any harbor within or of the city, so as to make it navigable and available for the largest class of vessels, by dredging channels and slips, building docks, dykes, wharves, piers and breakwaters or by such other plan of improvement as the council may prescribe and adopt; and when such improvement shall have been ordered the board of public works shall make the assessment of the benefits accruing to the lands benefited thereby."

Among other things the court found that it was necessary to construct a new dock or some other structure where the dock in question was built to act as a breakwater to protect the lots upon which it was built and the street adjacent thereto from being washed away by the waters of Lake Michigan and of the East and West Twin rivers in said city. The court further found that the work done did not affect the navigability of the harbor, and that, while the dock might have some commercial value and be used for dock purposes, it was in fact built as and for a breakwater to prevent further encroachment by water upon the shore at the point where the dock was constructed. As a conclusion of law the court found that no special assessment could be made under the section referred to for the improvement which was in fact made.

The evidence fully warranted the court in making the findings of fact, the substance of which has been set forth. The conclusion of law drawn therefrom would seem to follow as a matter of course. The improvements which a city may make under sec. 925—248a must be made primarily for the purpose of improving the navigation of the harbor and not for the purpose of preventing encroachment by the water on the land adjacent thereto, and the statute, when considered in its entirety, seems to contemplate somewhat extensive improvements to be made in accordance with a definite plan.

It is argued by appellant that the section in question gives a city the option to proceed under it in lieu of proceeding

under secs. 925—240 to 925—248, and that therefore what-
ever improvements might be made under any of these sections
may also be made under sec. 925—248*a*. This argument is
not sound. A city council may proceed under sec. 925—
248*a* in lieu of the other sections where the work contem-
plated is of the character provided for in sec. 925—248*a*,
to wit, the making of a harbor "navigable and available for
the largest class of vessels."

It remains to be considered whether the assessment can be
sustained under the provisions of secs. 925—241, 925—242,
925—245, or 925—248.

The proceeding cannot be upheld under sec. 925—241.
There must be a demand made upon the lotowner and a re-
fusal on his part to comply with it before the city is em-
powered under that section to do the work and charge up the
expense to such owner. There was no such demand here.
The city did not even proceed by ordinance as the section re-
quires. Besides, this section is, to say the least, of very
doubtful validity inasmuch as it seems to contemplate that
the expense of the improvement is chargeable to the property
owner regardless of benefits. See *Lathrop v. Racine,* 119
Wis. 461, 97 N. W. 192.

Obviously neither sec. 925—242 nor 925—245 affects the
situation. The first of these deals with improvements made
at the general expense of the city, and the second with those
made at the request of abutting property owners.

Sec. 925—248 reads as follows:

"In case it shall be necessary to protect any land from
being washed away by any lake, river or other water the coun-
cil may by ordinance provide for the protection of such land
by a wall or dock breakwater, to be constructed as it may pre-
scribe, and may direct the board of public works to make an
assessment of the benefits accruing to the land so protected
and other lands benefited by such wall. The boundaries of
assessment districts shall be fixed and determined by the
council. The cost of such protection shall be raised as fol-
lows: one half thereof, or such lesser proportion as the council

shall direct and order, shall be paid out of the general fund
or out of a special fund to be raised for the purpose, and the
balance shall be levied and raised by the assessment of special
benefits upon the real estate within the boundaries of the
proper assessment district. The entire cost of protecting
public grounds and the ends of streets shall be borne by the
city. Such assessments shall be made, corrected, reported to
the council and confirmed thereby the same as assessments for
other public works, and certificates or improvement bonds
may be issued thereon in the same manner and with like effect
as in the case of other public works. An appeal to the circuit
court may be taken from any such assessment, upon like no-
tice and security, within the same time and with like effect
as in the case of other public works, and like proceedings
shall be had thereon."

The city might have proceeded under this section to build
a dock breakwater to protect the land fronting on the river or
harbor from being washed away and might make an assess-
ment of benefits against the property benefited to help defray
the cost of the improvement. The dock as built served as a
breakwater and also as a commercial dock. Whether such a
dock is materially different from or is more expensive than a
dock built to serve as a breakwater only, we are not advised
by the testimony and do not know. The city had no au-
thority to build a commercial dock not built in aid of naviga-
tion at the expense of the adjacent lotowners simply because
it was thought that more commercial dock room was needed.
It could build a dock to act as a breakwater to prevent further
erosion. The court does find that the dock built serves as a
breakwater and that the primary purpose in building it was
to protect the river banks. For a number of reasons the as-
sessment as made cannot be sustained under sec. 925—248.

The city proceeded by resolution instead of by ordinance
as that statute provides. This in itself might not be fatal to
the assessment, but it is proper to mention it.

If it was more expensive to build the commercial dock con-
structed than it would be to build the dock breakwater pro-

vided for by sec. 925—248, no part of this extra expense could be charged against adjacent property by way of a special assessment.

It is fair to assume that the board of public works in assessing benefits took into account that the abutting property was enhanced in value by reason of the construction of a dock that could be used for commercial purposes. Only such benefits could be assessed as would result from the construction of the dock breakwater provided for by the statute in question.

The statute requires the common council itself to fix the boundaries of the district to be assessed and does not contemplate that such district shall be confined to lands owned by abutting property owners if other lands will in fact be protected by the contemplated improvement, although the assessment may thereafter be made by the board of public works and confirmed by the council.

If the benefits do not amount to one half of the cost of the proposed improvement, the city cannot proceed under this section at all, because it cannot levy to exceed one half of the cost against the general property of the city. If the improvement made does not answer the call of the statute for a dock breakwater, of course no assessment could be made for it under this section, but we understand the decision of the trial court as holding that it does.

It follows from what has been said that the assessment made cannot be held valid under sec. 925—248 and that the trial court was right in setting it aside.

It is urged, however, that the judgment entered is erroneous and that the court should have entered an order staying proceedings in the action and directing a reassessment to be made.

It is in substance stated in the opinion of the court that counsel for the city conceded in a brief filed that if the assessment was not properly made under sec. 925—248 a legal

assessment could not be made, and it may well be that by rea-
son of such concession the matter of reassessment did not re-
ceive as careful consideration as it would otherwise have had.
After the court announced its decision the defendant moved
for an order directing a reassessment, which motion was de-
nied. If the case made was a proper one in which to order a
reassessment, the statute requiring such an order to be made
is mandatory, and we do not think the appellant should be
concluded by the position taken in its brief before the circuit
court.

The improvement was made to prevent further washing of
the river banks. A dock was built which in fact did prevent
such washing. The city intended to assess a portion of the
cost against the property benefited. Under sec. 925—248
the city could build a dock breakwater to protect the banks of
the stream and make an assessment against property specially
benefited.

Among other things, sec. 1210d, Stats., provides that,
where a dock has been built and a special assessment has been
made therefor and such assessment is void because done with-
out authority of law or for failure to make the proper assess-
ment of benefits and damages or for failure to observe any
provision of law or because of any defect in the proceedings
upon which the assessment is based, the city authorities shall
proceed to make a new assessment of benefits and damages in
the manner required by law.

Sec. 1210e provides that, in any action to set aside any
special assessment for any of the purposes mentioned in sec.
1210d, if the court determines that such assessment is invalid
by reason of a defective assessment of benefits or for any
cause, it shall stay proceedings until a new assessment thereof
be had in the manner hereinafter provided. Thereupon the
proper city authorities shall proceed to make a new assess-
ment of benefits and damages as required by law in the case
of an original assessment.

The assessment made was void because the city failed to

comply with the law in making it and failed to make a proper
assessment of benefits, and not because of any inherent lack of
power in the city to make any special assessment for the im-
provement.    The case falls within the statutes last referred
to and a reassessment should have been ordered.

So much of the judgment as adjudges the assessment as
made to be void is correct and may be treated as the inter-
locutory determination provided for in such a case by sec.
1210e, Stats.    The remaining portion of the judgment should
be set aside and an order entered staying proceedings as pro-
vided for in said sec. 1210e.    No costs will be allowed either
party in this court except that appellant is required to pay
the clerk's fees.

*By the Court.*—It is so ordered.


The following opinion was filed March 17, 1914:


PER CURIAM.    A motion for a rehearing having been made
by respondent in this case, and the court entertaining some
doubt as to the correctness of so much of its former decision
as directed a reassessment to be made,

It is ordered that the respondent within fifteen days from
the date of this order and the appellant within ten days there-
after file with the clerk of this court briefs on the following
questions, such briefs to be seasonably served on opposing
counsel:

1. Might the resolutions of the common council of *Two
Rivers* defining the work which it proposed to do be reason-
ably understood to mean that the contemplated improvement
was intended to be made for the purpose of protecting the
land adjacent to the proposed dock from being washed away?

2. Does the testimony of the city engineer and mayor fur-
nish sufficient support for those portions of the sixth, eighth,
and ninth findings of fact made by the court, wherein it is
found that the dock in question was built for the purpose of

preventing the land adjacent thereto from being washed away; and, if not, is there any other evidence to support the portions of these findings referred to?

3. If the purpose of making the improvement, as declared by the council, was one for which an assessment of benefits could not be made against abutting property owners without their consent, can a reassessment be ordered to enable the city to declare that the purpose first. indicated was not the true one?

The following opinion was filed May 1, 1914:

BARNES, J. The court, by the sixth, eighth, and ninth findings of fact, found (1) that it was necessary to construct the dock in question to prevent the adjacent lots and street from being washed away; (2) that the dock had little effect upon the navigability of the river; and (3) that it was constructed for the purpose of preventing the lake from further washing away the land adjacent to the dock.

No attack was made on these findings by the respondent. They showed that such an improvement had in fact been made as was contemplated and provided for by sec. 925—248, Stats., under which an assessment of benefits and damages might have been made against adjacent property owners. Such an assessment was attempted to be made under sec. 925—248a, and it was held to be void because no improvement was made such as that section related to. The assessment made could not be sustained under sec. 925—248, because the provisions of that statute were not complied with in essential particulars in making the assessment.

It was thought, however, when the case was decided, inasmuch as the improvement made was the one provided for by sec. 925—248, for which a valid assessment might be made, and the council simply erred in the method pursued in making the assessment, that the reassessment statute was appli-

cable, and a reassessment was ordered.   If the premise was
correct the conclusion was sound, because if jurisdiction to
make a valid assessment existed and it was lost through
blundering in the method of making it, the blunders might
be corrected.   Such is the purpose of the reassessment stat-
ute.

On respondent's motion for a rehearing, however, it was in
effect argued that the findings referred to, although sup-
ported by the evidence of the mayor and city engineer and
some other witnesses, should be disregarded because the city
council by resolution designated the character of the improve-
ment which it intended to make, and such designation is con-
clusive.   We find an exception by respondent in the record,
which, liberally construed, can be held to be an exception to
the findings referred to; so the respondent may attack these
findings in order to support the judgment entered.

Turning to the proceedings of the common council and of
the board of public works, we find that the first resolution
passed by the common council was as follows: "Resolved, that
the board of public works are instructed to procure plans and
specifications for docking the inner harbor of the city and
the necessary dredging in connection therewith."

The second resolution read: "Resolved, that the public
good and convenience demand the improvement of the inner
harbor of the city of *Two Rivers* by constructing a new dock."

The report of the board of public works to the common
council on the improvement made is entitled: "Report and
estimate on harbor improvement."   And recites: "The board
of public works of the city of *Two Rivers,* to whom was re-
ferred the matter of the improvement of the inner harbor of
the city of *Two Rivers* by the construction of a new dock
along the established dock line, report."

The notice published by the board of public works is en-
titled: "Notice of an assessment for harbor improvement,"
which notice recites: "Whereas, the improvement of the inner
harbor of the city of *Two Rivers* by the construction of a

new dock on the north side of the west Twin River along the established dock line," etc.

The final report made by the board of public works referred to the proposed work as "the improvement of the inner harbor of the city of *Two Rivers* by the construction of a new dock on the north side of the west Twin River."

The notice of assessment recited that it was made pursuant to a resolution of the common council declaring that the public good and convenience demanded the improvement of the inner harbor.   Other proceedings were had wherein the proposed improvement was designated in the same way, and we do not find in the record any intimation that the purpose of the council was to build a breakwater to prevent adjacent soil from being washed away.

These resolutions plainly indicate that the character of the work which the city had in mind was the improvement of the harbor rather than the prevention of erosion.   These various resolutions amount to an unequivocal declaration that the improvement contemplated was an improvement of the inner harbor.   Obviously the expense of such an undertaking could not be assessed against abutting owners under sec. 925—248. We have held, and we think correctly, that the improvement made was not the kind of an improvement provided for by sec. 925—248a.

The error in the former decision consisted in following the findings of fact made by the court and in assuming that the evidence referred to was sufficient to overcome that furnished by the record of the proceedings of the common council and of the board of public works.   Obviously the best evidence of what the council intended is found in the resolutions which it adopted.   Neither the mayor nor city engineer could be in a position to say that the council meant something different from what it said.   The two kinds of public works, harbor improvements and land protection, are provided for by different statutory provisions, and, ordinarily at least, parol evidence is not competent to show that when one is specified

the other is in fact meant. *Chippewa B. Co. v. Durand,* 122 Wis. 85, 103, 99 N. W. 603; *Bartlett v. Eau Claire Co.* 112 Wis. 237, 88 N. W. 61; *Nehrling v. Herold Co.* 112 Wis. 558, 566, 88 N. W. 614; *Duluth, S. S. & A. R. Co. v. Douglas Co.* 103 Wis. 75, 78, 79, 79 N. W. 34. The work done in fact was very properly and correctly described as a harbor improvement.

Not having the power originally to make a special assessment for the kind of improvement ordered, there is no power to make one now. It may well be that the declared purpose of the city council was not the real one, but it should be bound by its declaration. It would not be proper to permit the present city council to declare that the former council had in fact a different purpose in view from that which it said it had, and then proceed to make an assessment of benefits and damages on the strength of such declaration.

*By the Court.*—That part of the former mandate which ordered a reassessment is set aside, and the judgment is affirmed.

In all other respects the motion for a rehearing was denied, without costs.