MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent, vs. VILLAGE OF SHOREWOOD and others, Appellants.

*March 9—April 3, 1923.*

*Municipal corporations: Street improvements: Special assessments: Assessments not based on benefits: Validity of statute authorizing: Reassessment: Limitation of action to avoid assessment.*

1. Special assessments on abutting property to pay for street improvements must be based on benefits.
2. If a statute authorizing an assessment for ·street improvements indicates an intention to grant power to levy either an arbitrary assessment or an assessment which might appear just but which is in fact not based on benefits, it necessarily contravenes the constitution, and proceedings thereunder are invalid to the same extent as though no statute had been enacted.
3. Sec. 905, Stats. 1915, authorizing assessments for street improvements by a village board "as they shall deem justly assessable to the property," is invalid as a violation of amendm. XIV, Const. U. S., and sec. 13, art. I, Const. Wis., which forbid the taking of property without just compensation, since the proposed assessments are not in any manner based on benefits; and the words "justly assessable" cannot be construed as sufficient to require the assessment to be based on benefits.
4. Secs. 1210d *et seq.,* Stats. 1915, authorizing a reassessment to pay for public improvements where there have been defects invalidating a prior assessment, cannot be invoked to validate· an assessment under sec. 905 which is invalid because not based on benefits, since those sections contemplate a valid authority to make the original assessment.
5. An action to avoid a special assessment made under sec. 905, Stats. 1915, not brought within the nine-months period prescribed by sec. 925—197 or within the year prescribed by sec. 1210h, is nevertheless maintainable, since, the· municipality having no power to levy the assessment, the case is within the exception contained in both statutes.

APPEALS from an order of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

The defendants appealed separately from an order of the circuit court overruling the separate demurrers of such defendants to the plaintiff's amended complaint.

The complaint in substance alleges that in February, 1918, the village of *Shorewood,* under the provisions of sec. 905 of the Statutes of 1915, attempted to levy a special tax on property fronting and abutting on said portion of Oakland avenue between Edgewood avenue and Atwater road in said village sufficient to pay the expense of the proposed improvement to the center of the street in front of each property holder, and that plaintiff was the owner of certain property described in the complaint abutting upon the street so proposed to be improved, and that it and its property were so included in such special tax assessment; that in October, 1918, before any taxes had been paid under the original assessments, the village board passed a resolution to the effect that it appeared to the satisfaction of the board that the original tax theretofore levied was too high and to that extent unjust, and that it thereupon resolved to and did amend, modify, refund, and reduce the original assessment.

It is further alleged that upon compliance with certain formal requisites the proposed improvement was completed and that there were issued to the contractors special improvement bonds for the work done on account of such improvements, and that a certain portion of the amount of each of said bonds was placed upon the tax roll for the years 1918, 1919, and 1920 upon the various properties abutting the street upon which such improvements were made; and that upon the failure of the plaintiff to pay the assessment levied against it and its property the land was sold for delinquent taxes to the defendant *County of Milwaukee.*

In its prayer for relief the plaintiff demands that the assessments be set aside and declared null and void and canceled and that the tax certificates issued be surrendered and

annulled, and that the title of plaintiff's property, by reason of the cloud placed thereon pursuant to such proceedings, be cleared.

Separate demurrers were interposed by the defendants to the action, upon the grounds (1) that the complaint did not state facts sufficient to constitute a cause of action; and (2) that said action is barred by the provisions of secs. 925—197 and 1210*h* of the Statutes. The lower court overruled the several demurrers of the respective defendants, and the separate appeals hereinbefore referred to were thereupon prosecuted to this court.

*Charles E. Hammersley* of Milwaukee, for the appellant *Village of Shorewood.*

For the appellants *County of Milwaukee* and *Henry Bulder* as county treasurer there were briefs by *George A. Shaughnessy,* district attorney of Milwaukee county, and *Daniel W. Sullivan,* first assistant district attorney, and oral argument by *Mr. Sullivan.*

For the appellant *Milwaukee General Construction Company* there was a brief by *Churchill, Bennett & Churchill* of Milwaukee, and oral argument by *W. H. Churchill.*

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *John L. Newman,* all of Milwaukee.

DOERFLER, J. The plaintiff urges, first, that sec. 905 of the Statutes of 1915, being the same as in the Statutes of 1917, is unconstitutional for the reason that it does not limit the special assessment to the actual benefits received by the property owner, and that the statute and the proceedings thereunder, therefore, are in violation of the Fourteenth amendment of the federal constitution and of sec. 13, art. I, of the state constitution, which section provides: "The property of no person shall be taken for public use without just compensation."

That portion of said sec. 905 applicable herein reads as follows:

"The village board of any village in any county having a population of one hundred and fifty thousand or more may cause any such work to be done upon a vote of not less than three fourths of its members. For the purpose of so improving any street the village board may levy and cause to be collected upon the lots, tracts or parcels of ground fronting or abutting upon such street or part of street improved, and upon the owners thereof, a tax sufficient to pay the expense of constructing such improvement as ordered opposite such property to the center of the street or such proportion thereof, not less than half, as they shall deem justly assessable to such property, if they shall think the whole ought not to be so assessed, in which case the remainder shall be paid from the village treasury. If any tax levied under this section shall prove insufficient to pay the cost or proportion thereof assessed to such property the village board may levy an additional tax thereon to make good such deficiency."

This court has consistently and in numerous cases held, in harmony with decisions in other jurisdictions, that an assessment of the nature of the one involved in the instant case must be based upon benefits. *Johnson v. Milwaukee,* 40 Wis. 315; *Liebermann v. Milwaukee,* 89 Wis. 336, 61 N. W. 1112; *Hayes v. Douglas Co.* 92 Wis. 429, 65 N. W. 482; *Kersten v. Milwaukee,* 106 Wis. 200, 81 N. W. 948, 1103; *Lathrop v. Racine,* 119 Wis. 461, 97 N. W. 192; *Boettger v. Two Rivers,* 157 Wis. 60, 144 N. W. 1097, 147 N. W. 66.

While in the case at bar it is alleged, among other things, that the village board did not levy this assessment upon a consideration of actual benefits, it is contended, and properly so, by the plaintiff that whether such assessments were so levied or not, the proceedings cannot be upheld if the statute involved must be so construed as to authorize an assessment upon a basis other than that of benefits. In other

words, if the language of the statute be such as to show an intention to grant power to levy either an arbitrary assessment or an assessment which might appear just to the board, but which is in fact not based upon benefits, then such statute necessarily contravenes the constitutional provisions above referred to and is void, and any proceedings thereunder are invalid to the same extent as though no statute on the subject had in fact been passed.

In *Lathrop v. Racine,* 119 Wis. 461, 97 N. W. 192, it was held that provisions of the city charter authorizing the common council to order riparian owners to build docks along a navigable river or harbor and, if they failed to do so within the time specified, to award contracts for the work and charge the cost as a special assessment upon the property upon or in front of which the docks are built, regardless of the question of special benefit accruing thereto, are invalid as authorizing the taking of private property for public use without compensation, and such charter provisions are not justified as an exercise of police power. (See paragraphs 2 and 3 of the syllabus.) The language of the other Wisconsin cases above referred to is of like tenor.

It is claimed by counsel for the defendants that while said sec. 905 does not in express language confine the assessment to benefits received, nevertheless the expressions used therein are such as to indicate an implied intent on the part of the legislature that proceedings thereunder shall be based upon actual benefits received; and to substantiate their view attention is called to that portion of the statute wherein, among other things, it is said:

"For the purpose of so improving any street the village board may levy and cause to be collected upon the lots, tracts or parcels of ground fronting or abutting upon such street or part of street improved . . . a tax . . . as they shall deem *justly assessable* to such property."

Defendants' counsel refer to 2 Page & Jones, Taxation by Assessment, §§ 695, 696, where, among other things, it

is said that "A statute which provides for a just and equitable assessment and that the excess should be borne by the city at large is held to intend that the assessment must be according to benefits." While the doctrine as so laid down by the text-book referred to is perhaps justifiable under the language of the statute referred to therein, it requires no comment to distinguish such language from that used in the statute under consideration. All the authorities as far as we have been able to ascertain agree that if from the context of the entire act it can be said that it was the intent of the legislative body that the assessment shall be based upon benefits, the intent is sufficiently expressed and the statute must be upheld. On the other hand, we have been unable to find any decision under which a statute has been held valid in a case like the instant one, where the intent to base the assessment is not founded upon either express language or upon language from which such intent can be reasonably inferred.

A careful reading of the statute involved is persuasive that the provisions thereof do not confine the assessment to actual benefits received by the property. The act pertaining to the levying of the assessment starts out as follows:

"For the purpose of so improving any street the village board may levy and cause to be collected upon the lots, tracts or parcels of ground fronting or abutting upon such street or part of street improved, and upon the owners thereof, a tax sufficient to pay the expense of constructing such improvement as ordered opposite such property to the center of the street. . . . "

If that portion of the act just quoted stood alone, it is clear that the power granted therein authorizes an assessment to the full extent of the cost, without any reference whatsoever to the actual benefits received. Continuing, the act says: "or such proportion thereof, not less than half, as they shall deem justly assessable to such property, if they shall think the whole ought not to be so assessed, in which

case the remainder shall be paid from the village treasury."
This latter provision has absolutely no reference whatsoever
to the subject of benefits. At least one half of the assess-
ment may be charged to the abutting property owners, while
authority is granted to the village to pay the balance out of
the village treasury. The benefit to the abutting property
may be considerably less than one half of the cost, and thus
an assessment may be levied, even under this provision, in
excess of the benefits, and, if such tax were valid, property
might be taken in part for public purposes without due
compensation, in violation of the constitutional provisions
above referred to. It is clear that under this statute at least
one half of the cost, in any event, is assessable against the
abutting property.

The remaining portion of the statute, which provides, "If
any tax levied under this section shall prove insufficient to
pay the cost or proportion thereof assessed to such property,
the village board may levy an additional tax thereon to make
good such deficiency," adds to the offense that this statute
evidently gives to the constitutional provisions by authoriz-
ing assessments in excess of prior assessments levied under
the preceding provisions of the statute.

Defendants' counsel cite the following cases in support
of the proposition that where the statute contains language
similar to that contained in said sec. 905, authorizing the
board to levy a tax, etc., *as they shall deem justly assessable
to such property,* such language must be construed in favor
of a tax based on benefits: *Smith v. Newark,* 32 N. J. Eq.
1; *People ex rel. O'Reilly v. Common Council,* 114 App.
Div. 326, 99 N. Y. Supp. 657; *State ex rel. Hutton v. West
Orange,* 39 N. J. Law, 453; *Allison L. Co. v. Tenafly,* 68
N. J. Law, 205, 52 Atl. 231; and *People ex rel. Howlett v.
Syracuse,* 63 N. Y. 291.

While the statutes under which the improvement in the
cases cited contain language similar to that contained in
said sec. 905, nevertheless each statute contains an express

provision for the levying of the assessment based on bene-
fits. These cases, therefore, are no authority in favor of
the position of defendants' counsel, but, on the contrary,
support the contention of the plaintiff herein. *Bogert v.
Elizabeth,* 27 N. J. Eq. 568; *Barnes v. Dyer,* 56 Vt. 469;
*Corliss v. Richford,* 85 Vt. 85, 81 Atl. 234; *Tide-water Co.
v. Coster,* 18 N. J. Eq. 518, and numerous other cases which
could be referred to, expressly hold that statutes similar to
said sec. 905 are unconstitutional.

Defendants' counsel, however, further claim that under
sec. 905*m* the provisions of secs. 1210*d*, 1210*e*, 1210*ee*,
1210*f*, 1210*g*, and 1210*h*, inclusive, of the Statutes shall
apply to villages. Sec. 1210*d*, among other things, provides:

"Where the work of constructing any sewer or grading,
graveling, planking, macadamizing, paving or repaving any
street or alley, or part thereof, or the curbing of or sodding
along any sidewalk or the paving of any gutter or the build-
ing or repair of any dock in any city has been done, or may
hereafter be done, and any special assessment has been or
may be made against any property for such work, and such
special assessment or any special assessment certificates, tax
sale, tax-sale certificate or special improvement bond based
thereon is invalid because of such work having been done
without authority of law, or for failure to make a proper as-
sessment of benefits and damages, or to observe any provi-
sion of law, either in adopting any part of chapter 40*a* of
the Statutes of 1898, or otherwise, or because of any act or
defect in the proceedings upon which such assessment, cer-
tificate, sale or bond is based, or because of any provision
contained in the contract for doing such work not authorized
by law, . . . the city authorities shall proceed to make a
new assessment of benefits and damages in the manner re-
quired by law. . . ."

It will thus be seen that sec. 1210*d* was enacted for the
purpose of authorizing reassessment in cities, and that under
the provisions of sec. 905*m*, sec. 1210*d* and other sections re-
ferred to are made applicable to villages. The record, how-
ever, does not disclose that the second assessment was made

under the provisions of sec. 1210*d*, Stats., but, on the contrary, it quite clearly appears that such alleged corrected assessment or reassessment was made under the provisions of said sec. 905. Sec. 1210*d* authorizes a reassessment where the original assessment did not proceed upon the theory of benefits, but it is quite clear that it contemplates that the statute authorizing the original assessment is a valid and constitutional statute and one under which assessments are to be based upon benefits received; but where the taxing body has no authority to levy an assessment because the statute is unconstitutional, the provisions of sec. 1210*d* can afford no relief. In other words, as is stated in the brief of plaintiff's counsel: "A valid reassessment cannot be made if the municipality has no authority to make the original assessment." *Boettger v. Two Rivers*, 157 Wis. 60, 144 N. W. 1097, 147 N. W. 66.

The defendants separately rely, in one of their demurrers, upon the provisions of sec. 925—197 of the Statutes of 1917, and contend that under such section plaintiff's action is barred. Sec. 925—197, Stats. 1917, provides as follows:

"Every action or proceeding to avoid any of the special assessments or taxes levied pursuant to the same, or to restrain the levy of such taxes or the sale of lands for the nonpayment of such taxes, shall be brought within nine months from the end of the period of thirty days limited by the city improvement notice provided for by section 925—191, and not thereafter. This limitation shall cure all defects in the proceedings, and defects of power on the part of the officers making the assessment, except in cases where the lands are not liable to the assessment, or the city has no power to make any such assessment, or the amount of the assessment has been paid or a redemption made."

The thirty-day period referred to in this section having elapsed, and the action not having been commenced within a period of nine months thereafter, plaintiff's action is barred unless it comes within one of the three exceptions

specified in the statute; and inasmuch as the particular lands involved are liable to assessment under the express provisions of the statute, and furthermore, it being conceded that the amount of the assessment has not been paid or a redemption made, the only question open under this statute is the one involving the power of the municipality to make such assessment. This question has already been determined by what has heretofore been said.

The other demurrer, based on the one-year limitation statute included in sec. 1210*h*, is of no avail to the defendants herein for the same reason. *Knox v. Cleveland,* 13 Wis. 245; *Oconto Co. v. Jerrard,* 46 Wis. 317, 50 N. W. 591; *Oshkosh City R. Co. v. Winnebago Co.* 89 Wis. 435, 61 N. W. 1107; *Hamar v. Leihy,* 124 Wis. 265, 102 N. W. 568.

.Having concluded that sec. 905 is unconstitutional and that the various assessments referred to in the complaint are therefore invalid, the plaintiff is entitled to relief from a court of equity as prayed for in the complaint; and we also hold that the mere delay in the bringing of plaintiff's action cannot validate a void assessment under a statute declared unconstitutional. The order of the circuit court is therefore affirmed.

*By the Court.*—Order of the lower court overruling the demurrer affirmed.