EIERMANN, Appellant, vs. CITY OF MILWAUKEE and another, Respondents.

*April 6—April 26, 1910.*

*Municipal corporations: Police power: Sidewalks: Special assessments: Defective construction: Acceptance by city: Fraud upon lotowner: Notice to city: Pleading: Amendment: Parties: Condition of relief.*

1. In the exercise of the police power a city may construct a sidewalk and charge the expense to the adjacent lot regardless of benefits; but the XIVth amendment to the federal constitution is applicable, and the lotowner must not be deprived of his property without due process of law.

2. Under the charter of the city of Milwaukee (sec. 17, ch. VII), authorizing the board of public works to declare any sidewalk dangerous, and to employ any person to repair or relay it at a fair price, and to assess the expense upon the abutting land, it is the duty of the city to see that the contract for the work is fairly made at a reasonable price, with due regard to the lotowner's interest, and that it is substantially performed.

3. When in such a case a substantial walk is contracted for at a reasonable price, acceptance by the city of a substituted and worthless walk is not conclusive upon the lotowner, even though the walk was accepted through mere negligence and inattention and without actual fraud.

4. If the walk as accepted by the city is so defective or incomplete that a reasonable man cannot honestly say that there has been a substantial performance of the contract, there is in a legal sense a fraud upon the lotowner, and he is entitled to relief against the special assessment.

5. Proof of notice to the city officials of the defective character of the walk before its acceptance is not necessary to establish the cause of action, but merely tends to aggravate the fraud.

6. In an action against the city to set aside a special assessment for a sidewalk, if evidence that the city officials had notice, before its acceptance, of the defective character of the work was inadmissible because the complaint did not allege that fact, but such evidence was in fact admitted and before the court, the complaint should, upon proper terms, have been amended to conform to the proof.

7. Where the city has paid the contractor for constructing the side-
walk and is the owner of the improvement certificate against
the property, the contractor is not a necessary party to an ac-
tion against the city to set aside the special assessment because
of the defective character of the work; but the city may have
him brought in as a proper party.

[8. Whether the plaintiff, if he prevails in such an action, is entitled
to have the assessment set aside and the assessment certificate
canceled unconditionally, or should be required as a condition
of relief to pay what the sidewalk was reasonably worth, not
determined.]

APPEAL from a judgment of the circuit court for Milwau-
kee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

This action is brought to set aside an assessment levied
against the property of the plaintiff to defray the cost of a
sidewalk constructed in front of his property. The city
awarded the contract for building the walk to the Milwaukee
Sidewalk Company. Such contract provided that the walk
should be built according to certain specifications referred to
therein. The plaintiff claimed that there were material de-
partures from such specifications, and that, while they called
for a good sidewalk substantially built, the one constructed
was practically worthless, owing to its thinness and the char-
acter of the material and workmanship used in building it.

Evidence was offered on the trial tending to show that two
of the aldermen knew of the condition of the walk before the
same was paid for by the city, and also that the plaintiff ad-
vised the chairman of the board of public works of the condi-
tion of the walk some two months after it was laid and before
it was paid for. Edward Schrantz, one of the aldermen
from the ward in which the walk was laid, testified that he
knew of its defective character shortly after it was laid and
refused to sign the pay roll therefor. None of the facts were
alleged in the complaint relating to notice to the city of the
defective character of the work prior to the time of payment
therefor. The city at first declined to pay for the walk, and

did not do so until about one half of it had been relaid. After a portion of the walk had been relaid the city paid the contract price for the entire job, assessed the cost thereof against plaintiff's property, and sold the same for nonpayment of the tax so levied. The certificates of sale were purchased by said city, and are still held, and the principal relief demanded is that such certificates be declared null and void and canceled.

After hearing the testimony offered by the parties the trial court struck out all evidence tending to show fraud on the part of the city because fraud was not alleged in the complaint, and sustained a demurrer *ore tenus* which had been interposed thereto before any evidence was offered thereunder. The plaintiff moved to amend his complaint so as to make it conform to the proofs offered, which motion was denied, and judgment was entered dismissing the complaint without prejudice and without costs, from which judgment this appeal is taken.

For the appellant there was a brief by *Friedrich, Teall & Hackbarth,* and oral argument by *F. C. Teall.*

For the respondents there was a brief by *John T. Kelly,* city attorney, and *Benjamin Poss,* special assistant city attorney, and oral argument by *Mr. Poss.*

BARNES, J. There was abundant evidence to show that the sidewalk as originally laid was well nigh worthless, although the contract called for a substantial walk. There was plenty of evidence to show that, after the contractor had been required to rebuild about half of it, the walk was still far from being completed in substantial compliance with the contract. It is true there is some evidence to the contrary in the record, but the trial court does not seem to have been impressed with it, and, as far as the record contains any expression of his opinion on the subject, it is to the effect that the walk, even after it was repaired, was radically different from and inferior to that contracted for.

We are met at the threshold of the case, however, with the argument that the city charter vests the power in the city officers to determine the fact as to whether or not a sidewalk has been built according to contract, and that such determination is conclusive on the lotowner in the absence of actual fraud; mere negligence and inattention to duty not being sufficient to impeach the action of the officers in accepting the work. A number of cases decided by other courts are cited as supporting the contention. Others are cited as holding a contrary doctrine. It would serve no useful purpose to discuss these cases in detail and point out wherein the statutes or the facts involved were dissimilar to the statute or the facts involved in this case. A consideration of the statute last referred to and of our own decisions and of some fundamental principles of law renders comparatively easy the matter of reaching a satisfactory conclusion.

The walk in question was built under the exercise of the police power pure and simple. The question of whether the lotowner was benefited or harmed thereby was not involved and was immaterial. Courts generally, including our own, have held that a city can construct a sidewalk and charge the expense against the adjacent lot under the exercise of the police power and regardless of benefits. *Lisbon A. L. Co. v. Lake,* 134 Wis. 470, 113 N. W. 1099.

Under the charter of the city of *Milwaukee* the board of public works may pass a resolution declaring any sidewalk to be dangerous, when in its judgment it is so, and may order the same repaired or relaid and employ any person to repair or relay the walk at a fair price, and by special assessment charge the expense thereof to the land abutting thereon, and such assessment is made a valid charge and lien against such adjacent property without any estimate, notice, letting, or other preliminary proceeding, except the resolution of the board of public works declaring the walk to be dangerous. Milwaukee City Charter (1905), ch. VII, sec. 17.

Thus, without any notice to the landowner, without any

assessment of benefits, even in the absence of them, with no voice as to the kind of a walk which shall be built, with nothing to say as to the price which shall be paid for the work or as to the character of the material used or the workmanship employed, and with no right of review or of appeal provided for in the charter, the adjacent land may be sold to defray the cost of building a sidewalk. The sole protection given to the landowner by the charter is that the walk must be repaired or relaid *"at a fair price."*

The proposition of the respondent is that, even though an expensive and substantial walk is contracted for and an adequate consideration is agreed upon for such construction, if, instead of the walk being built that the contract calls for, one is substituted that to all intents and purposes is worthless, and such walk is accepted by the proper officer of the city and is paid for through mere negligence or inattention to duty, the lotowner is remediless and must pay the bill, and when another new walk is ordered the same process may be repeated.

It would require considerable authority to convince us that such a walk was built at a "fair price," as the charter requires. It would require a strong array of precedents to convince us that the result contended for would follow if the words quoted had been eliminated from the charter. The rule which permits municipalities in the exercise of the police power to compel landowners to build sidewalks for the benefit of the public where they are not specially benefited themselves is, to say the least, drastic enough. To compel them to pay a sound price for a rotten and worthless walk, or sell their property in the event of their failure to do so, and to repeat this process indefinitely, would be equivalent to depriving them of their property without due process of law. Whatever may be the restrictions on the application of the XIVth amendment to the federal constitution to the taking of property under tax laws, the amendment has generally

been held to apply to the unlawful taking of property under the exercise of the police power.

When the city, in the exercise of the police power conferred on it, undertook to build a walk at the expense of the plaintiff, and contracted and agreed to pay for a substantial walk, it assumed the duty of protecting him from being plundered. He was no party to the contract and had no right to dictate to the contractor how the walk should be built. The city not only had such right, but owed a duty to the plaintiff to exercise it. By this we do not mean that technical or unsubstantial deviations from the contract should defeat the assessment or any part thereof. But where the sidewalk is so defective or incomplete in its construction that a reasonable man cannot honestly say that there is a substantial performance of the contract, then its acceptance by the authorities is in a legal sense a fraud upon the property owner and he is entitled to relief against the unjust charge. Contracts of the character here involved must be fairly made at reasonable prices with due regard to the lotowner's interest and must be fairly carried out. *Cook v. Racine,* 49 Wis. 243, 5 N. W. 352. In no other way can the charter provision requiring the walk to be built at a fair price be observed. The authorities to the effect that the acceptance is not binding on the lotowner, where it would operate as a fraud upon him, are quite numerous, and are cited under sec. 587, Elliott on Roads and Streets (2d ed.), and in notes 6 and 7 under sec. 534, 1 Page & Jones on Taxation by Assessment. This court has also held that where a city charter provided that the only remedy against a special assessment should be by appeal, and that no appeal should be taken after the assessment bonds were issued, and such issue might be made before the work was begun, and there was no provision for giving notice to the landowner of the proceedings taken, his right to go into a court of equity to challenge such proceedings could not be taken away. *Harrison v. Milwaukee,*

49 Wis. 247, 5 N. W. 326; *Hayes v. Douglas Co.* 92 Wis. 429, 65 N. W. 482; *Kersten v. Milwaukee,* 106 Wis. 200, 81 N. W. 948, 1103.

The complaint in this case alleged that the sidewalk as constructed was practically worthless. When it so stated, it set forth a fact which, in connection with other facts alleged, showed that a legal fraud had been perpetrated on the plaintiff. It stated a cause of action. Proof of notice to the city officials tended to aggravate the character of the fraud, but was not necessary to establish a cause of action in favor of the plaintiff. Whether such proof was admissible under the complaint may be doubtful. It was received, and, if the court thought error had been committed in admitting it, the complaint should have been amended to conform to the proofs. If the defendant was taken by surprise it should have been given a reasonable opportunity to meet this proof. The action should not have been dismissed.

The city paid the contractor for the work. It is not apparent, therefore, why the contractor was a necessary party, the city being the owner of the improvement certificate. In view of the contract relations existing between the city and the contractor, it would be convenient and proper for the city to have the contractor before the court, to the end that the latter might be concluded by the findings and judgment. But this is a matter with which the plaintiff is not concerned. If the city desired that the contractor be made a party it should have taken the necessary steps to bring the Sidewalk Company before the court.

The extent of the relief to which plaintiff may be entitled has not been discussed, and we do not feel called upon to say whether, if plaintiff prevails, he is entitled to have the assessment certificate canceled unconditionally, or should be required as a condition of relief to pay what the walk was reasonably worth. *Cook v. Racine, supra; Wells v. Western P. & S. Co.* 96 Wis. 116, 70 N. W. 1071.

The trial court did not dispose of the case on the merits. We understand from the record that the court was of the opinion that after the sidewalk had been partially rebuilt it did not substantially meet the requirements of the contract. If the trial court is of the opinion that further evidence should be offered, or that additional parties should be brought before the court in order that complete justice may be done, it is entirely proper that such proceedings should be taken. Otherwise the court should make findings of fact and conclusions of law and enter judgment on the evidence already. taken. In the absence of such findings and judgment this court does not deem it proper to direct judgment to be entered on the merits.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to this opinion.