SIEVERS, Appellant, vs. FULLER, Respondent.

*May 5—June 5, 1923.*

*Fraud: Misrepresentation as to ownership of property and selling price: Right of purchaser to rely on representation: Trial: Issues not submitted to jury.*

1. While misrepresentation by an agent of the price at which an owner of land will sell constitutes actionable fraud, the purchaser may not rely blindly on such representation, but must

employ his powers of observation and apply his experience and knowledge to ascertain the facts as to the character and value of the property purchased.

2. Defendant, a real-estate broker, signed, as owner, an earnest-money contract with plaintiff, and later delivered to him for examination an abstract of title which disclosed that the broker had a conveyance by way of land contract from the person whom he alleged was the owner of the lands and whose price he stated to be $13,000. The defendant as owner subsequently made a land contract to the plaintiff covering the property. *Held*, under the circumstances, that the plaintiff was placed on his guard and had no right to rely on the alleged misrepresentations.

3. The appellant cannot complain because additional questions were not submitted to the jury, as no request was made therefor; and if such issues were involved at the trial they will be deemed to have been determined adversely to him, under sec. 2858*m*, Stats.

APPEAL from a judgment of the circuit court for Washburn county: W. R. FOLEY, Circuit Judge. *Affirmed*.

This is an action to recover damages for fraudulent representations in the sale of certain real estate. The plaintiff, fifty-seven years of age, had been engaged in the occupation of farming and stock raising and had owned and operated a 320-acre farm near Huron, South Dakota. He could read and write the English language and had experience in buying and selling farms. He had also transacted a real-estate brokerage business. He had a good general business experience and could read and understand real-estate contracts.

In the month of April, 1918, he went to Shell Lake in quest of farm land and called at defendant's real-estate office. He made an inspection of the farm in question and decided to purchase it. He entered into an earnest-money contract of sale, which the defendant signed as owner. This contract provided that $500 was to be paid down and $2,500 was to be paid as soon as the abstract and land contract were received at the National Bank of Huron, South Dakota, and the balance was to be paid $1,000 annually for ten years, the total purchase price of the farm being $13,000.

On the 24th day of May, 1918, the defendant went to Huron, South Dakota, with a land contract and the abstract of title, for delivery to the plaintiff, in accordance with the terms of the earnest-money contract. These documents were delivered to plaintiff for examination and were examined at his request by his banker and an abstractor. The very last entry on the abstract showed a transfer from Kate E. Cox, vendor, to *A. L. Fuller,* vendee, by land contract dated May 7, 1918. He paid the defendant $2,500, according to the terms of the earnest-money contract, and executed the land contract by which the defendant agreed to convey to him the land in question upon the completion of the payments therein provided for. Thereafter, in April, 1919, he paid $1,000 of the purchase money with interest, and another $1,000 with interest in April, 1920.

This action is based upon alleged misrepresentations made by the defendant to the plaintiff before the execution of the purchase-money contract to the effect that Kate E. Cox was the owner of the premises and that her price therefor was $13,000. It is also alleged that the defendant misrepresented to the plaintiff that there were 100 acres of land under cultivation. It is further alleged that said Kate E. Cox had listed the land with the defendant for the sum of $8,000. Plaintiff prayed for the recovery of damages. Defendant counterclaimed for foreclosure of the land contract.

By special verdict the jury found (a) that the defendant, for the purpose of inducing the plaintiff to purchase the farm in question, represented to the plaintiff that Mrs. Cox was the owner of the farm and that the price she was asking for the same was $13,000; (b) that plaintiff believed such representations to be true and relied thereon in making the purchase of said farm; (c) that the plaintiff ought not, in view of his intelligence and experience, in the exercise of ordinary attention to his business, have relied on said statement and accepted it as true without doing more

Sievers v. Fuller, 181 Wis. 120.

than the testimony in this case discloses that he did to ascertain the truth or falsity of such statement; (d) that the defendant did not represent to plaintiff that there were 100 acres of cultivated land upon said farm; and (e) that the fair market value of the farm in April, 1918, was $12,000.

Upon this verdict the court entered judgment dismissing plaintiff's complaint upon the merits and for foreclosure of the land contract, the latter part of the judgment being based upon findings made by the court which are immaterial to the questions here presented. From this judgment plaintiff appeals.

For the appellant there was a brief by *John H. Savage* of Spring Brook and *Harold Harris* of St. Paul, and oral argument by *Mr. Harris*.

*W. T. Doar* of New Richmond, for the respondent.

OWEN, J. While the jury found that the defendant represented that Mrs. Cox was the owner of the farm and that her price therefor was $13,000, upon which representations the plaintiff relied, it was also found that the plaintiff ought not, in the exercise of ordinary attention to his business, to have relied thereon. The latter finding of the jury is not assailed as being unsupported by the evidence, and could not well be in view of the fact that the plaintiff signed two contracts with the defendant as owner of the premises, and in view of the further fact that the abstract of title revealed a land contract between the defendant and Mrs. Cox.

It is appellant's contention, as we understand it, that question 3 of the special verdict is immaterial and constitutes no defense. While misrepresentation of the seller's price by the agent constitutes actionable fraud (*Estes v. Crosby,* 171 Wis. 73, 175 N. W. 933, 177 N. W. 512), it is not the law of this state that a purchaser may blindly rely upon representations made by the seller.

"He cannot close his eyes to the obvious, nor stifle his judgment of matters within his capacity to judge. In

fact, he must be alert, careful, and cautious. He must employ his powers of observation and apply his experience and knowledge in his efforts to ascertain the facts and to form an intelligent judgment upon the character and value of the subject of his purchase." *Swoboda v. Rubin,* 169 Wis. 162, 170 N. W. 955.

"The law requires men, in their dealing with each other, to exercise proper vigilance and apply their attention to those particulars which may be supposed to be within the reach of their observation and judgment, and not to close their eyes to the means of information accessible to them." *Farr v. Peterson,* 91 Wis. 182, 64 N. W. 863. See, also, *Kaiser v. Nummerdor,* 120 Wis. 234, 97 N. W. 932; *Warner v. Benjamin,* 89 Wis. 290, 62 N. W. 179; *Standard Mfg. Co. v. Slot,* 121 Wis. 14, 98 N. W. 923.

Throughout, the deal was between the plaintiff and defendant as owner of the land. The plaintiff contracted to pay the defendant the agreed purchase price. The defendant agreed to convey title upon payment of the agreed purchase price. The abstract disclosed the contract between Mrs. Cox and the defendant, entered into between the execution of the earnest-money contract and the closing of the deal. This was sufficient to place plaintiff on guard and to impose on him the duty of further investigation, as the jury found. As, under the circumstances, he had no right to rely on the alleged misrepresentations, his cause of action is incomplete, and his complaint was properly dismissed.

Appellant also claims that other misrepresentations were made concerning the quality and character of the farm, with reference to which no questions were submitted to the jury. We have been referred to no evidence supporting any other representations, and, in any event, appellant cannot complain because additional questions were not submitted to the jury, as no request therefor was made. If any such additional issues were involved at the trial they will be deemed to have been determined by the court adversely to the appellant. Sec. 2858*m,* Stats.

*By the Court.*—Judgment affirmed.