BRADLEY, Respondent, vs. WISCONSIN DRAINAGE COM-
PANY, Appellant.

*September 20—November 13, 1923.*

*Drains: Contract for construction: Release of contractor by town
board: Fraud and collusion: Action by landowner for dam-
ages.*

A complaint which alleged that the defendant contracted with
the town board of supervisors for the construction of a drain-
age ditch through the lands of the plaintiff and others pur-
suant to ch. 54, Stats. 1917, that it failed to perform its
contract, and that it fraudulently colluded with the town
board to violate its contractual duty to plaintiff in failing
to perform the contract according to its terms, and was re-
leased from further performance by the town board upon
the payment of $1,500, and that plaintiff was damaged in the
way of additional assessments on his land, states a cause of
action. ESCHWEILER, J., dissents.

APPEAL from an order of the circuit court for Columbia
county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The appeal is from an order overruling the demurrer to
the complaint.

The complaint alleges that plaintiff was the owner of cer-
tain lands in Columbia county; that in 1917 proceedings
were had by the town drainage board of the town wherein
the property was located by which a drainage ditch was laid
according to law and the costs assessed against the owners
of lands benefited; that the plaintiff was assessed $2,500,
which he paid; that the board let a contract to the defendant
*Wisconsin Drainage Company* for the construction of such
ditch according to plans and specifications of the engineer
of the board; that the contractor thereafter commenced
the construction of the ditch under the direction of the
engineer, but failed and refused to construct the ditch ac-
cording to plans and specifications, and contrary to the di-
rections of said engineer; that the town board and the con-
tractor, through fraud and collusion and in violation of the

rights of the plaintiff and other property owners in interest, executed in form a settlement releasing the contractor from the performance of his contract upon leaving with the town board the sum of $1,500; that the ditch so constructed was practically worthless and failed to perform its office; that the plaintiff, without notice of the defective construction, paid his assessments and made large and expensive improvements on his land, which were rendered worthless by such defects; that the ditch failed to carry away the water or do the work for which it was designed, and the Columbia county drainage board, under approval of the county court of Columbia county, duly levied an assessment to reconstruct such ditch in accordance with the original plans and restore the ditch to the plan provided, and for which the property owners had already paid; that the plaintiff was assessed an additional sum of $1,410.86, which became a lien upon said property and collectible; and that by reason of the failure of said contractor to comply with his contract and said board to require such compliance, and by reason of the fraudulent conduct of said contractor and said board in refusing and neglecting to have such ditch constructed in accordance with said plans, plaintiff was damaged in the sum of $1,410.86, the additional assessment required to be paid, and in the further sum of $5,000 damages to his lands and improvements placed thereon. The members of the town drainage board were made parties defendant in the action, but the complaint was later dismissed as to them upon their paying into court the sum they received from the contractor in settlement. The complaint further alleged that other property holders interested had been damaged by reason of the facts stated, and the prayer for relief, in addition to judgment for plaintiff, demands judgment in behalf of such other property holders.

The defendant *Wisconsin Drainage Company* demurred to the complaint on the grounds (1) that it did not state facts sufficient to constitute a cause of action against the de-

fendant; (2) that the plaintiff had not the legal capacity to sue; (3) that there was a defect of parties plaintiff; (4) that there was a defect of parties defendant; and (5) that several causes of action had been improperly united. From the order overruling the demurrer the defendant *Wisconsin Drainage Company* appealed.

For the appellant there were briefs by *Page & Godfrey* of Elkhorn, and oral argument by *A. L. Godfrey.*

For the respondent there was a brief by *Rogers & Rogers* of Portage, and oral argument by *H. B. Rogers.*

CROWNHART, J. The cause under consideration relates to the rights of plaintiff under a "drainage" contract entered into by the town board of supervisors of the town of Hampden, in Columbia county, and the defendant *Wisconsin Drainage Company,* whereby the defendant was to construct a certain drainage ditch through the lands of the plaintiff and others pursuant to the provisions of ch. 54, Stats. 1917. Plans and specifications were provided by the engineer of the board, and the contract provided that such ditch should be constructed in accordance with such plans and specifications. The town board was given special powers under the law and acted as a special agency for the owners of the property affected, although not constituted a separate corporate body. The board's duties as such agency were fixed by statute and were independent of their duties as supervisors of the town as such. The board could only act if it should find that the proposed work would promote the public health or the public welfare and that the benefits to the landowners would exceed the damages and costs of construction. Sec. 1362, Stats. 1917. The law further provided that as soon as the contract was let for the construction of the drain, and assessments for such construction made against the several tracts of lands affected should fall due, the same should be paid to the town treasurer, who should hold the same as a separate fund to the credit of the

drainage, and pay the same on the order of the supervisors to defray the legitimate expenses of the drainage, and any excess over the cost of constructing the drain, so paid into the hands of the town treasurer, should be held by the treasurer as a separate fund for the maintenance of the drain.  Sec. 1364, Stats. 1917.

The law was very brief and general in character.  The allegations in the complaint are that a contract was let for the construction of the ditch; "that said contractor failed and refused to construct said ditch according to the plans and specifications therefor and neglected to dig the same to grade and failed and neglected to slope the sides as provided therein, and failed and neglected to dig the top and bottom of said ditch to the width specified by said plans and specifications; that large quantities of rock were left in such ditch and that it was also defective in other particulars. . . . Said town board and said contractor, through fraud and collusion, in violation of and disregarding the rights of plaintiff and other property owners interested in said ditch, in form executed a settlement, releasing the said contractor from the performance of said contract upon leaving the sum of $1,500 of the contract price for such work in the hands of the town board."

There are other allegations to the effect that such ditch was worthless and failed to perform its function, and that by reason thereof another assessment was made against the lands of the plaintiff by the properly constituted authorities, in the sum of $1,410.86, which became a lien upon plaintiff's land and collectible, in order that the ditch might be completed in accordance with the terms of the original contract.

Does the complaint, liberally construed, state a cause of action?  The defendant company, by its contract with the town board, owed a duty to construct the ditch in accordance with the terms of the contract.  That was a contractual duty to the board, but under the contract it was for the bene-

fit of the plaintiff and other property owners affected by the drainage. The town board owed the property owners affected the duty of requiring the contract to be fulfilled according to its terms. But the defendant likewise owed the property owners under the contract the duty of performing its contract according to its terms. Under the allegations of the complaint the defendant fraudulently colluded with the town board to violate these obligations to the plaintiff, whereby he was damaged. While we find no exact precedent in the books, the complaint may be sustained under the reasoning of the opinion in *Crowley v. Milwaukee,* 166 Wis. 156, 164 N. W. 833. The tort of the defendant is also analogous to the liability which springs from interfering with the relation of master and servant or principal and agent, to the damage of the master or principal.

It is therefore held that if the allegations in the complaint be proven, then the plaintiff is entitled to recover, in the absence of excuse of justification, the additional sum which he was assessed and compelled to pay in order that the drainage might be completed according to the terms of the original contract. The court has given consideration to all of the objections urged by defendant, but deems further discussion unnecessary.

*By the Court.*—The order of the circuit court is affirmed.

ESCHWEILER, J. (*dissenting*). From the complaint it appears that the original contract in 1918 was let by the members of the town board under the Town Drainage Law as it then stood, and the alleged fraudulent settlement was apparently made under the same law. A substantial change in the drainage laws was made by ch. 446, Laws of 1919, whereby what are now secs. 1368—1 to 1368—30, Stats., took the place of the former laws. It is apparent that the new contract to complete the ditch was made; the new assessment against plaintiff's property of which he now com-

plains was levied; and the work was done under the author-ity and direction of the newly created drainage board, and the old town board had no more to do with these matters.

Such new board, by sec. 1368—26, became "a public cor-poration and shall be subject to all rules of law applicable to such organizations.   It shall have the power to protect and maintain all drains under its jurisdiction and may re-port to the court all matters on which it desires advice and when authorized by the court or judge *may institute all necessary actions.*   The court shall at all times have super-vision over the board and may at any time require it to report on any matters connected with its duties."

By sub. 6, sec. 1368—4, it is again provided that such board shall be a permanent body corporate and, among other things, have charge of all drains theretofore constructed in attempted compliance with statutory enactment.

The new drainage board being, therefore, a body corpo-rate with power to bring all necessary actions as distinguished from that limited power which the town board had under the old law, any possible right of action that may exist on account of the transactions described in the complaint can and should be properly enforced by such new board rather than by any individual.   *Kircher v. Pederson,* 117 Wis. 68, 93 N. W. 813, which is expressly re-affirmed in *Berger v. Superior,* 166 Wis. 477, 479, 166 N. W. 36.   There is here no showing of demand upon and refusal by such proper official body to bring this action such as to warrant action by a private individual as in cases like *Quaw v. Paff,* 98 Wis. 586, 74 N. W. 369.

*Crowley v. Milwaukee,* 166 Wis. 156, 164 N. W. 833, is authority for maintaining an action against any municipal corporation that has defaulted in its duty, but not for such an action as here, in which there is no claim made that the new drainage board has failed in its duty.

I think, therefore, that the demurrer on the ground that the plaintiff had no legal capacity to sue should have been sustained.