Haentze and wife, Respondents, vs. Loehr, Appellant.

*January 16—February 13, 1940.*

584

*T. L. Doyle* of Fond du Lac, for the appellant.
*L. J. Fellenz* of Fond du Lac, for the respondents.

ROSENBERRY, C. J.   The plaintiffs are husband and wife and respectively sixty-five and sixty-four years of age. Ernest Haentze has been engaged in the florist business, his duties being mainly those of a laborer. He worked from nine to fourteen hours a day, and never was engaged in the loan business nor bought any securities for himself. The defendant had been engaged in the insurance and real-estate business for twenty-five years, succeeding to a business established by her father. Georgene Duffie, her agent, had worked for the defendant over seventeen years. Both knew and understood the real-estate business, and they were familiar with the values of real estate in the city of Fond du Lac.

The mortgage in question was made in January, 1931, and first sold by the defendant to Mrs. Butterfield. Mrs. Butterfield being in need of money, the defendant repurchased the mortgage on January 28, 1932. Georgene Duffie, the agent, was the daughter of Mary Klix and the stepdaughter of William Klix, the mortgagors. William Klix had owned the property for many years. He was fatally ill and died on the morning Mrs. Haentze went to the office of the defendant for the purpose of getting the papers. She discovered the fact of his death after she had paid the money but before the papers were delivered to her. Mrs. Haentze had purchased two other loans from the defendant, and for that purpose had called upon the defendant at her office. Mrs. Duffie solicited the purchase of this loan by the plaintiffs. She called Mrs. Haentze on the phone and asked if they had money to invest, told them that she had a wonderful loan, and that Mrs. Loehr was especially anxious to have them have it. The plaintiffs inquired as to the character of

the mortgagors, and they were told they were good people. Mrs. Duffie offered to take Mrs. Haentze, who transacted all of the business with respect to loans for the plaintiffs, to view the premises. Mrs. Haentze told her that inasmuch as they did not show the inside of the house, she would drive by with her son which she did.

Upon the trial the jury found that the following representations of fact were made to the plaintiffs by Mrs. Duffie:

"a. That the Klix mortgage was a wonderful loan.

"b. That the defendant [Louise Handt Loehr] was particularly anxious that the plaintiffs purchase this loan because it was such a good loan.

"c. That all due taxes were paid.

"d. That the value of the security was more than sufficient to assure repayment of the principal and interest to the plaintiffs.

"e. That the [Klix] family that made the mortgage was a fine family and would pay interest, taxes and principal;"

and that these representations were false and were relied upon by the plaintiffs in the purchase of the Klix mortgage, and that under the circumstances a man and woman of the knowledge, intelligence, and experience of the plaintiffs, by the exercise of ordinary care in investigating or from observation, would not have discovered the falsity of the representations thus found to have been relied on; that the value of the Klix home on January 28, 1932, was $2,600; that the value of the property on foreclosure sale was $1,500; that the plaintiffs, or either of them, did not discover that the taxes on the Klix property for 1931 remained unpaid on or before October 10, 1932; and assessed plaintiffs' damages at $1,300.

It appears without dispute that after the purchase of the mortgage, an instalment of interest being in default, Mrs. Haentze made an inquiry to ascertain whether the taxes were paid, and found that the taxes for 1931 were delinquent as well as the taxes for 1932. It further appears that no taxes

have been paid since Mrs. Haentze purchased the mortgage. Some instalments of interest have been paid at irregular intervals, and an effort was made to acquire title by a quit-claim deed of the heirs of Mr. and Mrs. Klix. Being unable to complete the title, foreclosure was begun, and the premises were sold on August 20, 1938, and were bid in by the plaintiffs for the sum of $2,350. It does not appear whether the foreclosure sale was made free and clear or subject to the outstanding taxes.

Upon this appeal the defendant contends: (1) That with the exception of the representation in regard to taxes, the representations found by the jury to have been made are not actionable and do not constitute fraud; (2) that there is no evidence in the case that the mortgaged property was insufficient security for the loan and that the plaintiffs' loss was due to the depression; (3) that the action is barred by the six-year statute of limitations; and (4) that the court erred in denying the motion for a new trial on the ground that the answers to the questions in the special verdict are contrary to the law and the evidence.

(1) It is considered that upon the first contention made by the defendant on this appeal, the case is ruled by *Heal v. Stoll* (1922), 176 Wis. 137, 185 N. W. 242, and the cases there cited. In *Heal v. Stoll* the representations were that the note and mortgage were as good as gold; that the land covered was worth $20 per acre, that the mortgagor was thrifty, solvent, and the owner of considerable unincumbered personal property; that the lands were a fine ranch and good rich soil, all of which were untrue. In this case, as in that, taking all of the representations together the jury were warranted in concluding that the mortgage was represented as an unusually good one; that it was made by responsible parties; that the taxes were paid, and that the value of the property was sufficient to assure repayment of principal and interest. It is not necessary to consider in this case whether the mere

representation that the loan was a wonderful loan amounts to a representation of fact because the seller in this case undertook to state the underlying facts which made it a wonderful loan, all of which the jury found to be untrue.

It is of course not necessary in order to establish defendant's liability to show that the representations were made with the intent to deceive and defraud the plaintiffs. *First Nat. Bank v. Hackett* (1914), 159 Wis. 113, 149 N. W. 703; *De Swarte v. First Nat. Bank* (1926), 188 Wis. 455, 206 N. W. 887.

It is the contention of the defendant that under the cases of which *Sievers v. Fuller* (1923), 181 Wis. 120, 193 N. W. 1002, is a type, the plaintiffs had no right to rely upon representations made by Mrs. Duffie. What was said in that case was said in support of a judgment based upon a verdict in which the jury found that the plaintiff ought not in view of his intelligence and experience to have relied upon the statements. It was contended in that case that the finding of the jury was immaterial; that the statements were fraudulent and that the defendant should be held liable irrespective of the plaintiff's failure to make proper investigation.

We cannot set out in detail all of the evidence in this case. It does appear that the defendant had conducted a loan business for a great many years with much success; that she advertised seventy-two years of business without a loss, and that while plaintiffs made some investigation they relied very largely upon the judgment of the defendant. It is also quite apparent that Mrs. Duffie was anxious to renegotiate this loan. She knew her stepfather was ill, that the family earnings were very slight. Because of her relation to mortgagors, there is reason to believe that she was anxious to get the note and mortgage out of the hands of her employer. In order to do that, the jury found she made the false representations as to its value set out in the verdict. Upon the whole record we cannot say that the credible evidence does not sustain the jury's verdict.

(2) Upon the second contention that plaintiffs' loss was due to the depression rather than the insufficiency of the property mortgaged to secure the loan, the trial court was of the view that taking into account the unpaid taxes, at the time of the making of the loan, the mortgage amounted to more than seventy-five per cent of the value of the property at that time as found by the jury and that the loan was not a good one. In this case the plaintiffs elected to retain the property purchased and to seek recovery for their damages. There was no attempt at rescission. It is true that Mrs. Haentze requested the defendant to take back the mortgage but no reliance was placed upon that fact, during the trial plaintiffs expressly declaring that they stood upon an action as and for deceit. While the property was bid in for $2,350, the jury found that it was worth only $1,500 at the time of the sale in 1938. It would seem that the loss which plaintiffs have sustained is the difference between the value of the property less the outstanding taxes and the amount due upon the note and mortgage. Judgment was entered for $1,300 and costs. It is considered that the correct rule of damages was applied. The security not being as represented the loss of plaintiffs is the measure of their damages.

(3) This action was begun on the 11th day of October, 1938. The statute of limitations was set up as a defense. No request was made that the jury find when the plaintiffs, in the exercise of proper prudence and diligence, should have discovered the falsity of the representations made. Under the provisions of sec. 270.28, Stats., this results in a statutory finding in favor of the plaintiffs but the statutory finding must be supported by the evidence. *Strang v. Kenosha* (1921), 174 Wis. 480, 182 N. W. 741.

The trial court gave consideration to this proposition and in its opinion held that under the evidence the plaintiffs did not discover their alleged cause of action previous to six years next before the commencement of the action, and di-

rected the plaintiffs to prepare a finding to that effect and to present it to the court along with the order for judgment. However, no such finding appears to have been made or filed. There being evidence to sustain a verdict finding that the action was begun within six years from the date plaintiffs in the exercise of ordinary prudence and diligence should have discovered the fraud, the statutory presumption applies.

With respect to the contention that the evidence establishes no damages, it is the contention of the defendant that the plaintiffs are bound by the judgment in the foreclosure action; that the sale was subject to the taxes and that the note and mortgage were fully discharged. Whatever the situation may be as between the plaintiffs and the mortgagors, as between the plaintiffs and the defendant it seems clear that the amount of loss sustained by the plaintiffs was the difference between what they received on the foreclosure which was a property of the value of $1,500, and the amount of the note and mortgage. While the property was bid in for a sum greater than the jury found its value to be on the date of the foreclosure sale, if the reverse were the case there could be no doubt that the defendant would be entitled to the benefit, that is, if the plaintiffs had received property of a greater value than the amount of the bid on the foreclosure sale, they would be obliged to apply not the amount bid but the value of the property. This is in accordance with the rule laid down in *Stephens v. Wheeler* (1927), 193 Wis. 164, 213 N. W. 464. There were no competitive bids upon the foreclosure sale. The amount of the bid made by the plaintiffs merely afforded a basis of ascertaining the liability of the mortgagors, both of whom were deceased, leaving insolvent estates.

The other assignments of error raise in another form the matters already considered and some additional questions. We have considered these but do not deem it necessary to discuss them in this opinion.

*By the Court.*—Judgment affirmed.