MARINE NATIONAL EXCHANGE BANK OF MILWAUKEE, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*September 13—November 14, 1944.*

For the appellant there was a brief by *Walter J. Mattison,* city attorney, and *John J. Dolan,* assistant city attorney, and oral argument by *Omar T. McMahon,* assistant city attorney.

For the respondent there was a brief by *Affeldt & Lichtsinn,* attorneys, and *Eldred Dede* of counsel, all of Milwaukee, and oral argument by *H. F. Lichtsinn.*

BARLOW, J. The only question raised by the city on this demurrer is whether upon the facts alleged in the complaint the trustee's cause of action is barred by the statute of limitations, sec. 330.19 (3), Stats.

The complaint alleges that the dock wall commenced to fail in April, 1940, after which negotiations were had with the board, and on or about April 15, 1940, by and with the approval and consent of said board, plaintiff caused the pressure from the land side of the dock wall to be released by removing approximately seventy-five cubic yards of backfill at the point where movement into the river was the greatest. At the time of the removal of said backfill it was for the first time discovered that the nuts at the river end of nine of the eighteen tie rods and several at the land end of the tie rods were off and no longer bound and held said tie rods to the steel plate and wood piling, and that the dock wall is worthless for the purpose for which it was erected or for any purpose. On information and belief it is alleged that the dock's failure was caused by defective and incomplete construction of the same, that the contractor installed grossly defective tie rods with improper threading so that the nuts by which the same were fastened and required to be held to the dock wall at the river end and to the wood piling at the land end failed to produce the required strength necessary to meet the tension upon the tie rods, in violation of the contract and plans and specifications.

The complaint further alleges that when the city undertook to reconstruct said dock wall and assess the cost of such construction against the trustee's property, the city became and was charged with the duty to provide a structure which represented a fair return for the charges assessed against trustee's property, to direct and control the construction of the work so as to compel performance in conformance with the contract and plans and specifications in a workmanlike manner, sufficient in all respects to serve the purposes for which it was

constructed, and carefully to inspect the work of the contractor. It is then alleged that the city, through its board, failed to perform such duties, in that it negligently permitted the contractor to use improper and defective materials in the construction of said dock wall, failed to require the performance of the construction in a workmanlike manner and in accordance with its contract, and negligently and carelessly failed to inspect said work, and accepted the same in a defective and incomplete condition, thereby forcing upon plaintiff a defective and incomplete dock wall, useless for any purpose, all of which constitutes and is operative as a fraud upon the plaintiff.

The city contends that if the complaint states a cause of action, it is for breach of contract and is therefore barred by the statute of limitations, sec. 330.19 (3), Stats., as it was commenced more than six years after the completion of the contract. The trustee attacks the assessment as invalid and void for the reason that it received no benefits from the dock wall as constructed, which was due to the negligence of city officials, constituting fraud in law.

The board proceeded with the reconstruction of the dock wall pursuant to a resolution of the common council, as provided in sec. 30.02 (8), Stats., which authorizes the board, subject to the approval of the common council of such city, to repair, construct, and reconstruct docks along the banks of any navigable river or other waterway in such city, and provides that the city shall have the power to assess benefits therefor. There is no allegation in the complaint, nor does the city contend, that there was any written contract whereby the trustee employed the city to reconstruct this dock wall or delegated it as its agent to cause the same to be reconstructed, unless this conclusion must be reached by virtue of sec. 30.02 (8) (c), which permits the property owner to elect to make such improvement or cause the same to be made in accordance with the plans and specifications approved by the commissioner

or board of harbor commissioners. When the property owner does not elect to construct the improvement or cause it to be constructed and the city proceeds, it does so pursuant to the authority vested in it by virtue of sec. 30.02 (8) (d), which is what the city did in this instance. When the city proceeds with an improvement, it owes an obligation to the property owner to see that the improvement is properly and well constructed so that the property owner receives the benefit that is contemplated in the proposed improvement. Contracts of this character must be fairly made at reasonable prices with due regard to the lot owner's interest and must be fairly carried out. *Cook v. Racine* (1880), 49 Wis. 243, 5 N. W. 352.

Sec. 30.02 (8) (e), Stats., provides:

"Before letting the contract the commissioner of public works or board of harbor commissioners shall make an estimate of the cost of the work to be done and shall view the premises upon which said work is to be done and consider the amount of benefits which in said authority's opinion will actually accrue to the lots or parts of lots or pieces of land in consequence of such improvements, and shall assess against the several lots, part of lots, or pieces of land which are deemed benefited by the proposed improvement, the amount of such benefit which it is deemed by said authority that said lots, or pieces of land will severally be benefited by such improvements when completed in the manner contemplated in the estimate of the cost of such work. . . ."

In making the assessment, the board must have considered that good and sufficient material would be used and the work completed in a workmanlike manner in accordance with the plans and specifications. This was the only way in which the property owner could receive the full benefits assessed against it, and is the only basis upon which the assessment can be justified. The only assessment of benefits that can be made is the amount actually accruing to the lands deemed benefited by the improvement. *Lathrop v. Racine* (1903), 119 Wis.

461, 97 N. W. 192; *Boettger v. Two Rivers* (1914), 157 Wis. 60, 144 N. W. 1097, 147 N. W. 66; *Milwaukee E. R. & L. Co. v. Shorewood* (1923), 181 Wis. 312, 193 N. W. 94.

Under the allegations of the complaint there has been neither a compliance with the contract nor a substantial compliance therewith. There has been no compliance with the basis of the special assessment, as the complaint alleges that the improvement is useless for any purpose. It has been held that if an improvement is constructed in an entirely different location than that contracted for so that it cannot perform the same functions or benefit the same property as if it were performed under the contract, such performance invalidates the assessment. *Windsor v. District of Columbia,* 7 Mackey (D. C.), 96; *Schneider v. District of Columbia,* 7 Mackey (D. C.), 252. In *Gage v. People,* 193 Ill. 316, 61 N. E. 1045, 56 L. R. A. 916, the court held that the payment of a special assessment for a street improvement may be resisted if the improvement ordinance provided for a macadam pavement while the completed improvement was no more than a dirt or mud roadway. In some jurisdictions it is said that a defect in performance must, in order to affect an assessment, inflict a special injury upon the owner of the property assessed. *Pittsburgh v. MacConnell,* 130 Pa. 463, 18 Atl. 645. *Mason v. Des Moines* (1899), 108 Iowa, 658, 662, 79 N. W. 389, was an action to set aside an assessment to adjoining property for the construction of a curbing because the contractor failed to use the quantity and amount of cement required by the contract and failed to mix materials and construct the curbing according to specifications, thus causing the curbing to be worthless. In granting the relief requested the court said:

"The neglect on the part of the officers charged with the duty of requiring Stehm & Son to comply with the contract, and to discover any failure to do so, operated as a wrong, which, with the intentional wrong of the contractor, consti-

tuted such a fraud as to vitiate the acceptance of so much of the curbing as was materially defective."

See also *McCain v. Des Moines,* 128 Iowa, 331, 103 N. W. 979. In *Eiermann v. Milwaukee* (1910), 142 Wis. 606, 126 N. W. 53, plaintiff brought an action to have improvement certificates declared null and void where the city caused a concrete walk to be laid which was practically worthless. The court in granting the relief requested by the plaintiff said (p. 611):

"He was no party to the contract and had no right to dictate to the contractor how the walk should be built. The city not only had such right, but owed a duty to the plaintiff to exercise it. By this we do not mean that technical or unsubstantial deviations from the contract should defeat the assessment or any part thereof. But where the sidewalk is so defective or incomplete in its construction that a reasonable man cannot honestly say that there is a substantial performance of the contract, then its acceptance by the authorities is in a legal sense a fraud upon the property owner and he is entitled to relief against the unjust charge."

In *Crowley v. Milwaukee* (1917), 166 Wis. 156, 164 N. W. 833, the facts show that the city was negligent in failing to require the contractor to lay a pavement according to specifications and as a result the pavement was worthless, and two years later the work had to be done over. On page 160, the court expressed itself as follows:

"Under the authority conferred on the city to make this street improvement at the expense of the abutting lot owners, it devolved on the city to enforce compliance by the contractor with the plans and specifications furnished by the city for this improvement and to secure a pavement in substantial compliance therewith. It is apparent that the city failed to provide the pavement called for by the plans and specifications and that such default was due to the negligence of the city authorities. To require the plaintiffs to pay for the original pavement upon the basis that the city furnished a pavement

in compliance with the plans and specifications, when in fact the bituminous surfacing was worthless, and to demand of them to pay the cost of resurfacing of 1914, which was necessitated by the city's failure to furnish the pavement it charged the plaintiffs for in the first special assessment, constitutes a legal fraud on the plaintiffs as abutting lot owners and entitles them to recover the damages caused them by the second special assessment."

See also Cooley, Taxation (3d ed.), pp. 1280–1284; *Murray v. Tucker,* 10 Bush (73 Ky.), 240; *Henderson v. Lambert,* 14 Bush (77 Ky.), 24.

In the case under consideration the trustee alleges that the dock wall is useless for any purpose, and if this is true it is in the same position as though the city had constructed it at some other point or, after making the special assessment, it had abandoned the project and never constructed the improvement. Certainly the property owner has failed to receive the benefit for which it was assessed. The trustee could not appeal from the assessment of benefits as the assessment was made prior to the letting of the contract and the construction of the wall. If the wall had been constructed in accordance with the plans and specifications the property owner does not question that it would have received the benefits assessed against it. The complaint alleges that on or about April 15, 1940, which was the time of the removal of part of the backfill from said dock wall, was the first time that the property owner discovered the defects complained of. It now seeks relief in a court of equity from a wrong which it could not void by appeal from the assessment at the time it was made. There was no acquiescence for there was no delay after discovery of the fraud, and delay will not prejudice a defrauded party so long as he is ignorant of the fraud. *Butler v. Prentiss,* 158 N. Y. 49, 52 N. E. 652; Pomeroy, Eq. Jur. sec. 965.

In determining that the complaint sets forth sufficient facts to constitute a cause of action we do not pass upon the question of the relief to which the plaintiff may be entitled, if any.

While the complaint alleges that the dock wall is "useless for any purpose," it also appears that it has served for four years, and following the rule that the departure from the contract must be clearly substantial and clearly proved, it is conceivable that cases may arise where the property owner may have some benefits as well as material damages. If the tax in that instance has not been fully paid the action would be to enjoin the collection of the assessment levied in the amount of damages actually suffered. When the owner has paid his assessment before discovering that, by reason of a substantial failure to perform the work as specified, the improvement is defective, the damages which the owner can recover are: (a) If the improvement has been entirely worthless since its acceptance and has not been replaced by the city at its own expense, the owner can recover all that has been paid; (b) if the improvement as constructed was not entirely worthless, and the city has not remedied the defect, an allowance for such value as it in fact had for a time—or will continue to have— should be made; and the difference between that allowance and the amount paid by the owner on the assessment can be recovered from the city. See *Crowley v. Milwaukee* (1917), 166 Wis. 156, 164 N. W. 833; *Mason v. Des Moines,* 108 Iowa, 658, 79 N. W. 389; *Bond v. Newark,* 19 N. J. Eq. 376; *Schumm v. Seymour,* 24 N. J. Eq. 143.

The contention of the city that if a fraud gives the right to an aggrieved party to either sue for damages or bring an action in equity based on the same facts, and the right to sue for damages becomes barred by the six-year statute of limitations, that also bars the right of action in equity at the same time, notwithstanding the facts constituting the fraud are not discovered until after that time, cannot be sustained. The amendment of sub. (7) of sec. 330.19, Stats., by ch. 24, Laws of 1929, extended its application to all actions, whether at law or in equity, for relief on the ground of fraud. In *Thom*

*v. Sensenbrenner* (1933), 211 Wis. 208, 211, 247 N. W. 870, the court said, with reference to ch. 24, Laws of 1929:

"Since that enactment and by virtue thereof, actions at law, as well as in equity, for relief on the ground of fraud, which had not theretofore accrued, as well as causes of action, which formerly were cognizable solely in courts of equity, are not deemed to have accrued until the discovery of the fraud."

See also *Krestich v. Stefanez* (1943), 243 Wis. 1, 9 N. W. (2d) 130; *Ihlenfeld v. Seyler* (1940), 236 Wis. 255, 295 N. W. 26; *Haentze v. Loehr* (1940), 233 Wis. 583, 290 N. W. 163.

It is considered that the complaint states a cause of action which is not barred by sec. 330.19 (3), Stats., and that the demurrer was properly overruled.

*By the Court.*—Order affirmed.